Bruce CARLSON, Plaintiff-Appellant,

v.

PEPIN COUNTY, Clarence Weissinger, Robert Patraw, Ron Fiedler, and State of Wisconsin, Defendants-Respondents.

Court of Appeals

*No. 91-2374. Submitted on briefs February 3, 1992.—Decided February 25, 1992.*

(Also reported in 481 N.W.2d 498.)

346

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Roger M. Hillestad* of *Roger M. Hillestad & Associates, S.C.* of Durand.

On behalf of the defendants-respondents, Pepin County, Clarence Weissinger and Robert Patraw, the cause was submitted on the brief of *Steve A. Cotton* of *Straub & Schuch* of Eau Claire.

On behalf of the defendants-respondents, Ron Fiedler and State of Wisconsin, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Joanne F. Kloppenburg,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Bruce Carlson appeals a judgment in favor of Pepin County, Clarence Weissinger, the Pepin County Highway Commissioner, and Robert Patraw, a Pepin County Highway Department road maintenance employee. The trial court dismissed Carlson's claim concluding that it was barred by the personal injury statute of limitation, sec. 893.54, Stats. We conclude that the discovery rule applies and that there is a material issue of fact regarding when Carlson, with reasonable diligence, should have discovered his injury, its nature, its cause and the defendants' identities. The judgment in favor of the county, Weissinger and Patraw is reversed and the cause remanded for further proceedings.

Carlson also appeals a judgment in favor of the state and Ron Fiedler, Wisconsin Department of Transportation secretary. The trial court dismissed Carlson's claim concluding that he failed to timely comply with the 120-day notice of claim requirement pursuant to sec. 893.82, Stats., and, thus, the trial court lacked subject matter jurisdiction. We conclude that the state cannot be sued on the basis of sovereign immunity. We also conclude, with respect to Carlson's action against Fiedler, that Carlson's notice was untimely under the 120-day notice of claim requirement in sec. 893.82 and, therefore, Carlson's action is barred. The judgment dismissing Carlson's claim against the state and Fiedler is affirmed.

On December 10, 1983, Carlson was severely injured when the snowmobile he was driving collided with brush and debris on a highway right-of-way. As a result of the

accident, Carlson was in a coma for five months, was hospitalized for approximately two years, sustained permanent brain damage and suffered permanent physical disabilities. On August 17, 1990, almost seven years after the accident, Carlson filed a notice of claim with the state and the county. Both the county and the state disallowed Carlson's claim. On April 26, 1991, Carlson filed an action against the state, Fiedler, the county, Weissinger and Patraw.

The county, Weissinger and Patraw filed a motion for judgment on the pleadings under sec. 802.06(3), Stats., claiming that the three-year personal injury statute of limitation barred Carlson's claim. The trial court granted the motion and dismissed Carlson's claim because: (1) it was barred by sec. 893.54, Stats., the three-year personal injury statute of limitation, (2) sec. 893.16, the disability statute, did not apply, and (3) even if sec. 893.16 did apply, Carlson's disability ceased when he came out of his five-month coma.

Additionally, the state and Fiedler filed a motion to dismiss under sec. 802.06(2), Stats., claiming that: (1) Carlson's complaint failed to state a claim against the state because such a claim was barred by sovereign immunity, (2) Carlson's claim against Fiedler was barred by sec. 893.54, Stats., the three-year personal injury statute of limitation, and (3) the trial court lacked subject matter jurisdiction because Carlson's claim against Fiedler did not timely comply with the 120-day notice of claim requirement pursuant to sec. 893.82. The trial court dismissed Carlson's claim because he did not comply with the 120-day notice of claim requirement under sec. 893.82.

■ We first address the judgment in favor of the county, Weissinger and Patraw dismissing Carlson's action because it was barred by the three-year personal injury statute of limitation, sec. 893.54, Stats. Although the county's motion was one for judgment on the pleadings, the trial court decided the motion as one for summary judgment under sec. 802.06(3), Stats., because it considered matters outside of the pleadings. Section 802.06(3) provides that a motion for judgment on the pleadings shall be treated as a motion for summary judgment where the trial court considers matters outside of the pleadings. We review summary judgments de novo. *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990). The methodology for reviewing a summary judgment has been set forth many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980).

An action to recover damages for injuries to the person shall be commenced within three years. Section 893.54, Stats. The period of limitation within which one must commence an action is computed from the time the cause of action accrues until the summons and complaint are filed with the court. Sections 893.02 and 893.04, Stats. Additionally, sec. 893.16 tolls the statute of limitation where a plaintiff is under a disability.

We first address Carlson's argument that sec. 893.16, Stats., tolls his three-year limitation period because he was disabled. He suggests that his comatose state and brain damage rendered him "insane" and, thus, disabled for purposes of sec. 893.16. Section 893.16 provides:

(1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years . . . or insane, or imprisoned . . . the action may be commenced within 2 years after the disability ceases, except . . . the period of limitation prescribed in this chapter may not be extended for more than 5 years.

. . ..

(3) A disability does not exist . . . unless it existed when the cause of action accrues.

■ The disability statute applies only where a plaintiff was a minor, insane or imprisoned at the time his cause of action accrued. Section 893.16(3), Stats. Carlson contends that the disability statute applies where the disability resulted from his accident. We reject this reading of the statute. The statute's origin dates back to the 1800's, long before the adoption of the discovery rule in 1983. *See Hansen v. A.H. Robins, Inc.,* 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983). Prior to the discovery rule, a cause of action accrued on the date of the plaintiff's injury. *See Holifield v. Setco Ind.,* 42 Wis. 2d 750, 755, 168 N.W.2d 177, 180 (1969). Thus, we conclude that the legislature intended the disability statute to apply where the disability existed at the time of the plaintiff's injury, not at the time the injury was discovered and not where the disability resulted from the incident causing the plaintiff's injury. Consequently, we conclude that sec. 893.16 does not apply to Carlson because his disability resulted from his accident.

■ Next, Carlson argues that, under the discovery rule, his cause of action did not accrue until he discovered his injury and the identity of the tortfeasors, allegedly some time after he came out of his coma. We agree. Under the

discovery rule, a cause of action accrues when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered his injury, its nature, its cause and the identity of the allegedly responsible defendant. *Hennekens v. Hoerl,* 160 Wis. 2d 144, 160, 465 N.W.2d 812, 819 (1991). In jurisdictions where the cause of action accrues upon discovery, other courts have held that the plaintiff's cause of action had not accrued when the plaintiff was in a coma because he could not have reasonably discovered his injury or its cause. *See Washington v. United States,* 769 F.2d 1436 (9th Cir. 1985); *Clifford v. United States,* 738 F.2d 977 (8th Cir. 1984); *Pardy v. United States,* 575 F. Supp. 1078 (S.D. Ill. 1983). We agree and conclude that Carlson's action had not accrued during the time he was in a coma because he reasonably could not have discovered his injury or its cause.

Carlson also contends that his brain damage delayed the accrual of his cause of action. The test of the discovery rule, "in the exercise of reasonable diligence," is an objective test. *See Borello v. U.S. Oil,* 130 Wis. 2d 397, 414, 388 N.W.2d 140, 147 (1986). Stated in other words, the test is whether a reasonable person under the same or similar circumstances as the plaintiff should have discovered his injury and its cause. *See Spitler v. Dean,* 148 Wis. 2d 630, 638, 436 N.W.2d 308, 311 (1989). When deciding whether a reasonable person under the same or similar circumstances as the plaintiff should have discovered the injury and its cause, it is proper to consider the plaintiff's mental disabilities. *See Greenberg v. McCabe,* 453 F. Supp. 765, 768 (E.D. Penn. 1978). Thus, under the discovery rule, Carlson's action accrued when he discovered or when a reasonable person with the same degree of mental and physical handicap and under the

same or similar circumstances as Carlson should have discovered the injury, its cause, its nature and the defendants' identities. *See Hennekens,* 160 Wis. 2d at 160, 465 N.W.2d at 819.

■

It is undisputed that Carlson sustained brain damage as a result of the accident. However, the record does not indicate when Carlson discovered or with reasonable diligence should have discovered his injury, its cause and the defendants' identities. Thus, we conclude that there is a material issue of fact concerning when Carlson discovered or when a reasonable person with the same degree of mental and physical handicap and under the same or similar circumstances as Carlson should have discovered his injury, its cause, its nature and the defendants' identities. Because summary judgment is inappropriate where there is a disputed material issue of fact, *see Grams,* 97 Wis. 2d at 338–39, 294 N.W.2d at 477, we reverse the judgment dismissing Carlson's action against the county, Weissinger and Patraw, and remand the cause for further proceedings consistent with this opinion.

We also note that whether Carlson met the 120-day notice of claim provision under sec. 893.80, Stats., dealing with claims against governmental bodies and their employees, was not before us on appeal even though Carlson addressed the issue in his brief. Section 893.80 states in part:

(1) [N]o action may be brought or maintained against any . . . governmental subdivision or agency . . . or employe . . . unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim . . . is served on the . . . governmental subdivision or agency and on the . . .

employe . . .. Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision or agency had actual notice of the claim and the claimant shows . . . that the delay or failure to give the requisite notice has not been prejudicial to the defendant . . . subdivision or agency or to the defendant . . . employe . . ..

The county, Weissinger and Patraw's motion for judgment on the pleadings was based only on Carlson's alleged failure to meet the three-year statute of limitation in sec. 893.54. The motion was not based on Carlson's alleged failure to meet the 120-day notice of claim requirement in sec. 893.80. Furthermore, although Carlson argued that he met the actual notice and lack of prejudice exception to the 120-day notice requirement, he did not argue before the trial court or this court that the discovery rule applied to extend the 120-day notice requirement. However, upon a proper motion, the trial court may have to address whether Carlson met the actual notice and lack of prejudice exception to the 120-day notice requirement so as not to bar his claim against the county, Weissinger and Patraw under sec. 893.80.

## CLAIM AGAINST STATE AND STATE EMPLOYEE

We next address the judgment dismissing Carlson's claim against the state and Fiedler. The state and Fiedler brought a motion to dismiss under sec. 802.06(2), Stats., claiming that: (1) Carlson's complaint failed to state a claim against the state because such a claim was barred by sovereign immunity, (2) Carlson's claim against Fiedler was barred by sec. 893.54, Stats., the three-year personal injury statute of limitation, and (3) the trial court lacked subject matter jurisdiction because Carlson's

claim against Fiedler did not timely comply with the notice requirements of sec. 893.82. The trial court decided this motion as one for summary judgment under sec. 802.06(2) because it considered matters outside of the pleadings. Section 802.06(2) provides that a motion to dismiss asserting the defenses of failure to state a claim and the statute of limitation shall be treated as a motion for summary judgment where the trial court considers matters outside of the pleadings. We review summary judgments de novo. *Grosskopf Oil,* 156 Wis. 2d at 581, 457 N.W.2d at 517.

The state argues that Carlson failed to state a claim upon which relief could be granted because the doctrine of sovereign immunity prevents Carlson from suing the state. Under the doctrine of sovereign immunity, the state cannot be sued without its consent. *Fiala v. Voight,* 93 Wis. 2d 337, 342, 286 N.W.2d 824, 827 (1980). Sovereign immunity is a matter of personal jurisdiction that, when raised, deprives the trial court of jurisdiction over the state. *Id.* at 341, 286 N.W.2d at 827. The state has not given statutory consent to suit in tort. *Boldt v. State,* 101 Wis. 2d 566, 572-73, 305 N.W.2d 133, 138 (1981). Additionally, sec. 895.46, Stats., which provides indemnity by the state for judgments against public employees because of acts committed within the scope of their employment, does not permit a tort victim to sue the state directly. *Yotvat v. Roth,* 95 Wis. 2d 357, 366-67, 290 N.W.2d 524, 530 (Ct. App. 1980). Thus, we conclude that Carlson cannot sue the state.

Sovereign immunity, however, does not protect state employees from tort suits. Fiedler contends that the trial court lacked subject matter jurisdiction because Carlson did not meet the notice of claim requirement under sec. 893.82, Stats., dealing with actions against

356

state employees, and, therefore, Carlson's claim against him was properly dismissed. Section 893.82(3) provides in part:

> No civil action . . . may be brought against any state . . . employe . . . for or on account of any act growing out of or committed in the course of the discharge of the . . . employe's . . . duties, *unless within 120 days of the event causing the injury* . . . the claimant . . . serves upon the attorney general written notice of a claim . . .. (Emphasis added.)

Carlson filed his notice of claim on August 17, 1990, more than 120 days after his accident on December 10, 1983. He argues that noncompliance with the 120-day notice provision does not bar his claim because (1) the state had actual notice of his claim because the accident was reported to the Department of Natural Resources, and (2) the state was not prejudiced by Carlson's late notice of claim. We disagree. Section 893.80, Stats., dealing with actions against governmental bodies and their employees, contains this actual notice and lack of prejudice exception to the 120-day notice of claim rule. *See* sec. 893.80(1)(a), Stats. However, sec. 893.80 does not apply to state employees. Thus, the actual notice and lack of prejudice exception may be applicable to Carlson's action against the county, Weissinger and Patraw, but it is not applicable to Carlson's action against Fiedler. Furthermore, sec. 893.82, dealing with actions against state employees such as Fiedler, has no comparable exception. Therefore, because Carlson failed to comply with the 120-day notice of claim requirement in sec. 893.82, his claim against Fiedler was properly dismissed.

Fiedler also raises the three-year statute of limitation as a bar to Carlson's claim. Our analysis concerning

357

the discovery rule and our conclusion that it applies to Carlson's claim against the county, Weissinger and Patraw are equally applicable to Carlson's claim against Fiedler. Thus, the three-year statute of limitation does not necessarily bar Carlson's claim against Fiedler. We would have to remand the cause for a determination of when Carlson discovered or reasonably should have discovered his injury, its cause, its nature and the identity of the defendants. However, because the notice of claim requirement under sec. 893.82, Stats., is a condition precedent to Carlson's right to commence an action against Fiedler, *see Ibrahim v. Samore,* 118 Wis. 2d 720, 726, 348 N.W.2d 554, 558 (1984), Carlson's claim against Fiedler is barred by sec. 893.82 because he failed to meet the 120-day notice requirement. Carlson advances no argument other than the actual notice and lack of prejudice exception to the 120-day notice requirement, which we rejected. Additionally, because Carlson does not argue that the discovery rule applies to extend the 120-day notice of claim requirement in sec. 893.82, that issue must wait for another day.

*By the Court.*—Judgment dated August 20, 1991, in favor of Pepin County, Weissinger and Patraw is reversed and the cause remanded for further proceedings. Judgment dated August 12, 1991, in favor of the state and Fiedler is affirmed.