Tayr KILAAB Al Ghashiyah (Khan), Plaintiff-Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Joni K. Berge, V. James Meola, Jr., James Parise and Jane Doe, Defendants-Respondents.

Court of Appeals

*No. 95–0260. Submitted on briefs November 3, 1995.—Decided December 13, 1995.*

(Also reported in 543 N.W.2d 538.)

The cause was submitted on the brief of plaintiff-appellant Tayr Kilaab al Ghashiyah (Khan), pro se.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Patricia K. McDowell* and *Letha Joseph* of *Quarles & Brady* of Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Tayr Kilaab al Ghashiyah (Khan) appeals pro se from an order of the trial court dismissing Kilaab's claims. We conclude that Kilaab's suit is barred by the statute of limitations. Accordingly, we affirm the trial court.

In his complaint,[1] Kilaab alleges that he was a beneficiary of America M. Casteel's life insurance policies upon her death in October of 1983. The policies were issued by Prudential Insurance Company of America.[2] Kilaab stated that he learned of the insurance policies in 1987. Prudential told him that it had received release and direction to pay forms signed by Kilaab releasing his interest in the proceeds of the policies in favor of his sister, Betty J. Casteel. Kilaab alleged that his signature had been forged on these documents. Kilaab made numerous allegations against Prudential, including that Prudential failed to exercise the care that a reasonable insurance company would exercise and that Prudential had conspired with Casteel to commit a fraud and to deny Kilaab his payments.

Prudential filed a motion to dismiss arguing that the action was barred by the statute of limitations. The court granted the motion to dismiss Kilaab's claims on the merits. Kilaab appeals.

■■

Kilaab argues: "Wisconsin Statutes, §§ 893.43, 893.52 and 893.57 . . . as extended by the five-year tolling provision of section 893.16, stats. Under this provision, Tayr Kilaab had—at the most—eleven years

---

[1] Kilaab has previously filed numerous lawsuits arising out of these circumstances. These suits and decisions do not apply in the present appeal; therefore, we will not summarize them.

[2] We will refer to the defendants-respondents collectively as "Prudential."

from the date of his discovered injuries (1987 at the latest) to commence an action."[3] This case requires us to interpret the relevant statutory provision and case law to ascertain the applicable statute of limitations period. This presents a question of law that we review de novo. *K.N.K. v. Buhler*, 139 Wis. 2d 190, 199, 407 N.W.2d 281, 286 (Ct. App. 1987).

Kilaab's lawsuit was commenced on September 2, 1994. The date of injury was January 5, 1984. It is undisputed that the statute of limitations period on Kilaab's claim is six years. *See* § 893.52, STATS. Kilaab argues that he gets the benefit of the discovery rule[4] plus his disability under § 893.16, STATS. In essence, he argues that he gets the six years from September 24, 1987,[5] which we use as the date of discovery, plus the

---

[3] Prudential counters Kilaab's assertions, arguing that § 893.16, STATS., "was enacted in the 1880s. . . . At that time, at common law, an imprisoned felon was *civiliter mortuus* (civilly dead) and therefore did not have the legal capacity to prosecute a suit. . . . Now prisoners are not civilly dead or incapacitated from bringing suit." Therefore, Prudential argues that we should not interpret § 893.16 as treating prisoners as incapacitated from bringing suit. Although Prudential raises a valid argument, it is appropriately addressed by the legislature, not this court. *See State v. Engler*, 80 Wis. 2d 402, 410, 259 N.W.2d 97, 101 (1977).

[4] In *Hansen v. A.H. Robins Co.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983), the Wisconsin Supreme Court stated: "[W]e adopt the discovery rule for all tort actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first."

[5] In its brief, Prudential states: "Plaintiff's complaint and his appeal brief admit that he wrote Prudential on [September 24, 1987] claiming he was entitled to the insurance proceeds

702

disability under § 893.16, and therefore his lawsuit was timely filed.

Section 893.16, STATS., provides:

> **Person under disability. (1)** If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or insane, or imprisoned on a criminal charge the action may be commenced within 2 years after the disability ceases, except that where the disability is due to insanity or imprisonment, the period of limitation prescribed in this chapter may not be extended for more than 5 years.
>
> . . . .
>
> **(3)** A disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues.

In *Carlson v. Pepin County*, 167 Wis. 2d 345, 352, 481 N.W.2d 498, 501 (Ct. App. 1992), the court stated the disability statute's origin dates back long before the adoption of the discovery rule. The court held that prior to the discovery rule, a cause of action accrued on the date of the plaintiff's injury. Thus, the court concluded "that the legislature intended the disability statute to apply where the disability existed at the time of the plaintiff's injury, not at the time the injury was discovered and not where the disability resulted from the incident causing the plaintiff's injury." *Id.*

---

and asking Prudential to investigate. For purposes of this appeal, this date can be considered the 'discovery' date, although if the dismissal is reversed and discovery is conducted, an earlier 'discovery' date might be revealed." The date of discovery is not essential to our decision here. For the purposes of our discussion, we will use the 1987 date.

██

We conclude that under *Carlson*, if a party wishes the benefit of the disability tolling statute, then the party does not get the benefit of the discovery rule. If we were to adopt Kilaab's theory that he has eleven years from the date of discovery to file a claim, we would be utterly ignoring important public policy concerns regarding the prompt resolution of claims. "The purpose of statutes of limitations is to ensure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost." *Korkow v. General Casualty Co.*, 117 Wis. 2d 187, 198, 344 N.W.2d 108, 114 (1984). In the present case, Kilaab sought the advantage of the disability tolling statute. Therefore, we start counting from the date of injury which is January 5, 1984. Kilaab will receive six years plus any disability period to which he is entitled.

██

On May 28, 1985, Kilaab was paroled. Because he had more than two years remaining from the date of injury in which he could file his lawsuit, *see* § 893.16, STATS., he gets no advantage from the fact that he was incarcerated. Under the application of *Carlson*, Kilaab had six years to commence his lawsuit from the date of injury—January 5, 1984. The fact that Kilaab violated parole and was subsequently reimprisoned does not reinstall the disability because that disability had been wiped out when he was paroled. *Cf. Stephens v. Curtis*, 450 F. Supp. 141, 144 (S.D. Texas 1978). We conclude that the trial court correctly granted Prudential's motion to dismiss Kilaab's suit as untimely.

*By the Court.*—Order affirmed.