Lee RASMUSSEN, Plaintiff-Appellant,†

v.

BLUE CROSS/BLUE SHIELD UNITED OF WISCONSIN, INC.,
Defendant-Respondent.

Court of Appeals

*No. 00–1241–FT. Submitted on briefs August 30, 2000.——Decided September 26, 2000.*

## 2000 WI App 220

(Also reported in 619 N.W.2d 147.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mitchell Hagopian*, of *Coalition of Wisconsin Aging Groups Elder Law Center*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Deborah J. Powers*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   Lee Rasmussen appeals a judgment dismissing his breach of contract action against Blue Cross & Blue Shield United of Wisconsin. We hold that the date proof of loss is required to be

furnished pursuant to WIS. STAT. § 631.83(1)(b)[1] is determined by whether the time extension provision of the insurance policy applies. Because Rasmussen failed to file his claim within the statutory time limits, we affirm the judgment.

## BACKGROUND

¶ 2.   Rasmussen owned a Blue Cross Medicare supplemental health insurance policy. From January of 1995 to October 1, 1995, Rasmussen was a patient at the Golden Age Nursing and Rehabilitation Center. He received Medicare benefits for the first 100 days, until May 1, 1995.

¶ 3.   Rasmussen submitted proof of loss claims to Blue Cross for services rendered at Golden Age after the Medicare benefits expired, namely from May 1, 1995 through October 1, 1995. Rasmussen's insurance policy required submitting proof of loss within ninety days of receiving medical services, unless it was not reasonably possible to file within that time, in which case proof of loss could be submitted within fifteen months of receiving services. It is undisputed that Rasmussen submitted a proof of loss to Blue Cross within the ninety-day requirement. For reasons unrelated to this appeal, Blue Cross denied his claims.

¶ 4.   Rasmussen filed suit on June 30, 1999, alleging breach of contract. Blue Cross filed a motion to dismiss pursuant to WIS. STAT. § 631.83(1)(b), arguing that the action was time barred. The circuit court determined that Rasmussen had three years plus ninety days to file suit and that the statute of limita-

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

tions had run on July 31, 1998. The circuit court granted Blue Cross's motion.

## STANDARD OF REVIEW

■■■

¶ 5. This appeal requires an analysis of statutory language and contract language. Interpreting the statute of limitations presents a question of law that is reviewed independently of the circuit court. *See Al Ghashiyah v. Prudential Ins. Co.*, 198 Wis. 2d 699, 702, 543 N.W.2d 538 (Ct. App. 1995). The meaning of an unambiguous contract is a question of law that we also review independently. *See INA v. DEC Int'l, Inc.*, 220 Wis. 2d 840, 845, 586 N.W.2d 691 (Ct. App. 1998). We determine, as a matter of law, whether an ambiguity exists in a contract. *See id.*

## DISCUSSION

¶ 6. The sole issue on appeal is what date proof of loss is required to be furnished. Rasmussen argues that Blue Cross's policy permits proof of loss to be filed as late as fifteen months from the time medical services are first rendered, thus allowing him to commence an action against Blue Cross three years and fifteen months after the medical services had been rendered by Golden Age. We disagree.

¶ 7. WISCONSIN STAT. § 631.83(1)(b) provides that "[a]n action on disability insurance coverage must be commenced within three years from the time written proof of loss is required to be furnished." To determine the date proof of loss is required to be furnished, we examine the health insurance policy. Article X.A.3 provides:

3. Proof of loss

Whether YOU submit a claim to US, or the provider of service submits it to US on YOUR behalf, WE must receive proof of the CHARGES for the services YOU received, within 90 days after the earlier of:

a: YOUR admission to the HOSPITAL or SKILLED NURSING FACILITY; or

b: the date YOU first receive MEDICAL SERVICE or MEDICAL SUPPLIES AND SERVICES.

WE will still process YOUR claim if:

a: it wasn't reasonably possible for YOU to give US proof of loss within 90 days; and

b: YOU give US proof as soon as YOU reasonably can, but not more than 15 months after YOU receive care.

Claims which are sent to US more than 15 months after YOU receive care will not be processed or paid.

This provision clearly states that a policyholder is required to provide proof of loss within ninety days. The fifteen-month period only applies if it is not reasonably possible for the policyholder to provide proof of loss within the ninety-day limit.

¶ 8.    Rasmussen argues that the date proof of loss is required to be furnished is the last date under the policy. The statutory limit for commencing a cause of action is three years from the date proof of loss is required. Because proof of loss may not be required to be filed until as long as fifteen months after receipt of services, Rasmussen asserts that the three-year statute of limitations pursuant to WIS. STAT. § 631.83(1)(b) cannot begin running until that fifteen-month period expires. We are not persuaded.

¶ 9. If Rasmussen's interpretation applied, he would have had three years plus fifteen months to commence an action, or until July 31, 1999. Here, however, there is no dispute that the ninety-day time limit to file proof of loss applied, not the fifteen-month proof of loss exception. Rasmussen's required date to provide proof of loss was ninety days from the first day he received medical services, or July 31, 1995. Rasmussen submitted proof of loss within ninety days, and the statute of limitations began to run on the ninetieth day, expiring three years later on July 31, 1998. As a result, Rasmussen's action against Blue Cross was untimely and is thus barred by WIS. STAT. § 631.83(1)(b).

¶ 10. Rasmussen alternatively argues that art. XI.E.2 is ambiguous and should be construed against Blue Cross. That article states:

> YOU may not sue US more than 3 years after YOU were required to file written proof of loss. Since YOU have 90 days to file proof of loss, this means that if YOU sue US, YOU must do so within 39 months of the first date of service on which legal action is based.

Rasmussen contends that this provision has the effect of limiting the commencement of legal action that was brought within the fifteen-month proof of loss provision to only two years from the date proof of loss was required to be furnished, thus violating WIS. STAT. § 631.83(1)(b) and (3).[2] Again, we are not persuaded.

[2] WISCONSIN STAT. § 631.83(3) reads as follows:

PROHIBITED CLAUSES OF POLICIES. No insurance policy may:

(a) *Shorten periods of limitation.* Limit the time for beginning an action on the policy to a time less than that authorized by the statutes;

¶ 11.   Simply put, Rasmussen is not subject to the fifteen-month proof of loss provision. Article XI.E.2 applies only to the ninety-day proof of loss requirement. The language in the policy provision, "[s]ince YOU have 90 days to file proof of loss," does not contemplate limiting the commencement of a legal action that was brought within the fifteen-month proof of loss provision. It simply does not address what the limitation on the commencement of legal action is when the fifteen-month proof of loss provision does apply. That this provision addresses only the ninety-day proof of loss requirement does not make the policy ambiguous.

¶ 12.   Because Rasmussen was subject to the ninety-day requirement to give notice of proof of loss, the statute of limitations began to run at the end of the ninety days. When the statute expired on July 31, 1998, Rasmussen was barred from commencing the action against Blue Cross.

*By the Court.*—Judgment affirmed.

¶ 13.   CANE, C.J. *(dissenting).* I respectfully dissent. Everyone agrees that this case ultimately depends on the date "proof of loss is required to be furnished" under WIS. STAT. § 631.83(1)(b). Additionally, everyone agrees that if the fifteen-month limit applies, the action was timely filed. Blue Cross contends that because in this instance Rasmussen was required to file his proof of loss within ninety days of receiving medical services, the action had to be filed within three years and ninety days of receiving medical

---

(b)  *Limit jurisdiction.* Prescribe in what court action may be brought thereon; or

(c)  *Proscribe action.* Provide that no action may be brought.

care. However, Rasmussen correctly observes that the insurance policy also permits a proof of loss to be filed as late as fifteen months after the date of receiving medical service when it is not reasonably possible to file it within ninety days of receiving medical care.

¶ 14.   The policy in relevant part provides:

WE will still process YOUR claim if:

a:   it wasn't reasonably possible for YOU to give US proof of loss within 90 days; and

b:   YOU give US proof as soon as YOU reasonably can, but not more than 15 months after YOU receive care.

Claims which are sent to US more than 15 months after YOU receive care will not be processed or paid.

¶ 15.   In the event of ambiguity or obscurity, the language of an insurance policy should be construed against the insurance company that drafted the policy. *See Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621 (1992). In this case, the litigants have advanced two reasonable interpretations regarding when the insured is required to file the proof of loss. Blue Cross reasons that under the policy, the proof of loss must be filed within ninety days of receiving medical care unless it was not reasonably possible to give the proof of loss within that time period. It concludes that because Rasmussen has filed the proof of loss within ninety days, the exception does not apply and therefore the ninety-day period was the required time for the proof of loss to be filed. On the other hand, Rasmussen reasons that we should look only to the outer limit for when an insured is required to file the proof of loss. He contends that the fifteen-month period is not an exception, but rather a provision in the policy simply allowing an

insured to file the proof of loss within fifteen months of receiving medical care.

¶ 16.   Additionally, any provision tending to limit the insurance company's liability should be construed most strongly against the insurance company. *See INA v. Universal Mtg. Corp.*, 82 Wis. 2d 170, 178, 262 N.W.2d 92 (1978). Furthermore, while interpretation of a statute of limitations should not unduly prolong the time period during which a suit may be commenced, the interpretation should also be sensitive to protecting access to the courts. *See Korth v. American Fam. Ins. Co.*, 115 Wis. 2d 326, 333, 340 N.W.2d 494 (1983).

¶ 17.   Blue Cross's interpretation has the effect of limiting its potential liability for claims by reducing twelve months from the time some policyholders have to commence suit. On the other hand, if Rasmussen's interpretation is correct, all policyholders would be treated equally and would have three years and fifteen months after receiving medical care to file their action. Even though Rasmussen filed his proof of loss within ninety days, I would agree with him that the date the proof of loss was actually filed is irrelevant.

¶ 18.   I would conclude that for purposes of determining when "proof of loss is required to be furnished" under WIS. STAT. § 631.83(1)(b), the last date that proof of loss could be filed under the policy is the appropriate date. Thus, the three-year time limit under § 631.83(1)(b) would not begin running until that fifteen-month period expires. Consequently, I would conclude that the action was timely filed.