COURT OF APPEALS
DECISION
DATED AND FILED

February 13, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP217**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CV18**

**IN COURT OF APPEALS
DISTRICT IV**

---

CHRISTOPHER ELANDT,

    PLAINTIFF-APPELLANT,

 V.

WAUPACA COUNTY,

    DEFENDANT,

TOWN OF DUPONT,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waupaca County: TROY NIELSEN, Judge. *Affirmed*.

Before Blanchard, Graham and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. This case arises out of the Town of Dupont and Waupaca County reconstructing and widening a Town road that Christopher Elandt alleges encroaches on his property. Elandt sued the Town, claiming that the newly widened road interferes with his property rights in a number of respects.

¶2 The Town moved to dismiss Elandt's action on the ground that Elandt failed to comply with the notice of claim statute, WIS. STAT. § 893.80(1d).[1] The circuit court agreed with the Town and dismissed all of Elandt's claims, entering judgment in favor of the Town. Elandt appeals. For the reasons that follow, we affirm.[2]

## BACKGROUND

¶3 The following facts are not in dispute. Work on the Town road at issue by the Town and the County began on November 28, 2016, and was completed December 8, 2016. During construction, Elandt spoke to Town and County employees about the project. More specifically, according to an affidavit that Elandt filed in the circuit court, during construction Elandt voiced concerns to Town and County employees about the project, including with respect to "where the road was going," but was informed by these employees that the Town road

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Although Elandt named both the Town and the County as defendants, the County did not join the Town's motion to dismiss, which is the subject of this appeal. Therefore, our decision is limited to Elandt's action against the Town. According to the Town's brief-in-chief, Elandt's action against the County remains pending.

"was being constructed properly in accordance with state law and that they owned the property."

¶4      At some point between when the project was completed and May 11, 2017, Elandt reviewed the deed to his property and learned that the Town-owned portion of the roadway is two rods wide, not four rods, as had been represented to Elandt.[3]  According to Elandt's affidavit, on May 11, 2017, Elandt met with the Waupaca County surveyor "to discuss the actual width of the road" (and presumably, by extension, whether it encroached on his property), but the surveyor was "noncommittal as to how wide it was."

¶5      Having not resolved the issue, Elandt then met with the Town chairperson and the County highway commissioner on May 24, 2017.  According to Elandt's affidavit, at the meeting the chairperson and commissioner "admitted that they were in the wrong and their property was only 2 rods wide," and it was at that point that Elandt "finally became aware that [he] may have a claim against the Town or the County."

¶6      On July 7, 2017, Elandt served a "Notice of Claim and Claim for Damages" on the Town, and on January 23, 2018, he filed a complaint in circuit court.  Elandt's complaint raises seven claims against the Town:  encroachment, trespass, conversion, unjust enrichment, negligence, nuisance, and damage to property.  A common theme underlying each of these causes of action was the allegation that the Town and the County were improperly taking or making use of

---

[3] A "rod" is a "unit of land measurement equal to 16.5 feet."  *Rod*, BLACK'S LAW DICTIONARY, at 1526 (10th ed. 2014).

3

Elandt's property without his consent. We will refer to these causes of action collectively as Elandt's "claims."

¶7  The Town answered and filed a motion to dismiss for failure to state a claim upon which relief can be granted under WIS. STAT. § 802.06(2)(a)6. Specifically, the Town asserted that Elandt failed to comply with WIS. STAT. § 893.80(1d)(a), which requires that a claimant provide certain governmental entities a written notice of injury within 120 days of the event giving rise to the claim.[4] The Town also asserted that Elandt failed to comply with the notice of claim requirements of § 893.80(1d)(b).

¶8  The circuit court granted the Town's motion to dismiss on the ground that Elandt failed to comply with the 120-day notice of injury requirements of WIS. STAT. § 893.80(1d)(a). The court did not address the Town's separate argument regarding the notice of claim requirements under § 893.80(1d)(b). In concluding that Elandt failed to comply with the notice of injury requirements, the court relied on the fact that construction was completed on December 8, 2016, which commenced the 120-day statutory window for providing notice of injury, and that Elandt therefore would have needed to file his notice by approximately April 8, 2017,[5] to fall within the statutory window. Elandt's notice was not served on the Town until July 7, 2017, well outside that window.

---

[4] The Town also raised this issue as an affirmative defense in its answer. *See **Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary Dist.***, 2019 WI 43, ¶¶36, 45, 49, 386 Wis. 2d 425, 926 N.W.2d 184 (compliance with notice of claim statute need not be pled by plaintiff; notice of claim statute does not create a jurisdictional prerequisite for filing suit but instead creates an affirmative defense that must be raised in a defendant's answer).

[5] Although it is not material, the actual date for expiration of the 120-day time period was April 7, 2017.

¶9    Although there are exceptions to the 120-day notice provision, the circuit court concluded that Elandt did not qualify for any of them.  The court subsequently issued an order for judgment dismissing Elandt's claims with prejudice.  Elandt appeals.

## DISCUSSION

¶10    The circuit court granted the Town's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to WIS. STAT. § 802.06(2)(a)6.  When reviewing a motion to dismiss, courts "are limited to the examination of the facts as stated in the complaint." *Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 611, 535 N.W.2d 81 (Ct. App. 1995).  However, when "matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment," and this court reviews it as such. *See* § 802.06(2)(b); *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶2, 296 Wis. 2d 273, 722 N.W.2d 633.  In this case, the circuit court considered matters outside the pleadings, without objection by either party and after both sides submitted affidavits.  Therefore, although the parties on appeal present the issue as involving resolution of a motion to dismiss, we review the court's order as granting summary judgment in favor of the Town.  *See Converting/Biophile Labs.*, 296 Wis. 2d 273, ¶2.

¶11    "Summary judgment is proper when the pleadings, answers, admissions and affidavits show no genuine issues of material fact and the moving party ... is entitled to judgment as a matter of law." *Eichenseer v. Madison-Dane Cty. Tavern League, Inc.*, 2006 WI App 226, ¶5, 297 Wis. 2d 495, 725 N.W.2d 274.  We review the circuit court's grant of summary judgment de novo, reversing if the circuit court "incorrectly decided legal issues or if material facts are in

dispute." *Id.* Here, the material facts necessary for our analysis are not in dispute, and the question is one of law, namely, whether WIS. STAT. § 893.80(1d)(a) barred Elandt's suit against the Town.

¶12     WISCONSIN STAT. § 893.80(1d) is referred to as the "notice of claim statute" and contains two notice provisions, the "notice of injury" provision, set forth in § 893.80(1d)(a), and the "notice of claim" provision, set forth in § 893.80(1d)(b). *See Yacht Club at Sister Bay Condo. Ass'n v. Village of Sister Bay*, 2019 WI 4, ¶¶19-20, 385 Wis. 2d 158, 922 N.W.2d 95. A claimant bringing a lawsuit against certain governmental entities must satisfy both notice requirements. *See E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶20, 335 Wis. 2d 720, 800 N.W.2d 421. As stated, the circuit court addressed only the notice of injury provision, which states, in pertinent part:

> [N]o action may be brought or maintained against any ... governmental subdivision or agency ... unless:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the ... governmental subdivision or agency .... Failure to give the requisite notice shall not bar action on the claim if the ... subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant ....

WIS. STAT. § 893.80(1d)(a). The circuit court concluded that the 120-day time period for providing the Town this notice commenced, at the latest, on December 8, 2016, the date construction was completed, and that Elandt's July 7, 2017 notice was therefore untimely. On appeal, Elandt argues that three exceptions apply to the notice of injury provision. We address each in turn.

6

*I. "Actual Notice" and Lack of Prejudice*

¶13     The first exception that Elandt advances is the "actual notice" exception that is contained within the notice of injury provision. Under this exception, a plaintiff who does not file a timely notice of injury may still proceed with the action if both of two criteria are met: the governmental entity (1) had actual notice of the claim and (2) was not prejudiced by the delay or failure to give the requisite notice. *See* WIS. STAT. § 893.80(1d)(a); *see also **Bostco LLC v. Milwaukee Metro. Sewerage Dist.**,* 2013 WI 78, ¶88, 350 Wis. 2d 554, 835 N.W.2d 160. "[W]hen a governmental entity asserts noncompliance with the statute as a defense to the action, the claimant 'has the burden of proving the giving of notice or actual notice and the nonexistence of prejudice.'" ***Vanstone v. Town of Delafield**,* 191 Wis. 2d 586, 597, 530 N.W.2d 16 (Ct. App. 1995) (quoting ***Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist.**,* 110 Wis. 2d 1, 5, 327 N.W.2d 206 (Ct. App. 1982) (emphasis omitted)); *see also **E-Z Roll Off**,* 335 Wis. 2d 720, ¶¶17-18. If a plaintiff fails to meet his or her burden under either the actual notice or the prejudice prong, a court need not address the other. *See **E-Z Roll-Off**,* 335 Wis. 2d 720, ¶48.

¶14     With respect to the actual notice prong, the circuit court found that the earliest the Town could have reasonably known that any of Elandt's claims "may be forthcoming" was on May 24, 2017, during the meeting attended by the Town chairperson, the County highway commissioner, and Elandt. The court reasoned that "mere knowledge of an event or series of events is not enough to serve as actual notice," which we construe to mean that the Town's knowledge of the project and that Elandt "may" bring a claim against the Town does not constitute actual notice under WIS. STAT. § 893.80(1d)(a). The court also noted that May 24, 2017, fell outside the 120-day window that commenced on

7

December 8, 2016. In response, Elandt does not specifically state when he believes the Town received actual notice of his claims. Instead, he generally asserts that he voiced "concerns" about the project with unnamed Town and County employees during the course of construction. Elandt further states that he "attended hearings, was in discussion with the members of the construction crew and [the Town], and they were well aware that there were some issues with respect to the property even though they might not [have] known specifically what those issues were at that time." Elandt contends that the Town conducted surveying and planning and reviewed records, "yet negligently missed the fact that the road was only 2 rods wide." Because Elandt fails to develop any argument as to when actual notice was provided and fails to apply the legal requirements for actual notice to his asserted facts, his arguments are rejected as inadequately developed. *See Associates Fin. Servs. Co. of Wis. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (court may decline to consider conclusory and undeveloped arguments that are inadequately briefed). Moreover, Elandt misapprehends the actual notice requirement under WIS. STAT. § 893.80(1d)(a).

¶15    The plain language of this provision requires that a governmental entity have "actual notice *of the claim*" against it. WIS. STAT. § 893.80(1d)(a) (emphasis added). Consistent with this language, this court has held that "the provision requires that the government entity not only have knowledge about events for which it may be liable, but also the identity and type of damage alleged to have been suffered by a potential claimant." *Markweise v. Peck Foods Corp.*, 205 Wis. 2d 208, 220, 556 N.W.2d 326 (Ct. App. 1996). Notably, in a case very similar to this one, we held that a governmental entity's mere knowledge that a road construction project *might* give rise to a claim by an adjacent landowner was insufficient to satisfy the actual notice prong of the statute. *See Olson v.*

*Township of Spooner*, 133 Wis. 2d 371, 377-78, 395 N.W.2d 808 (Ct. App. 1986).

¶16     Thus, it is insufficient for purposes of actual notice that Elandt expressed "concerns" to the Town about the construction project and that the Town was involved in the project.  Rather, the Town must have actual notice of a *claim.*  Elandt's assertions regarding the Town's knowledge, even accepted as true, fail to establish that the Town had actual notice of any of Elandt's claims.  As a result, the circuit court properly rejected Elandt's actual notice argument.

## II.  Notice of Claim Exception under *Burke*

¶17     Elandt next argues that his action is exempt from the notice of claim statute under the factors set forth in *Town of Burke v. City of Madison*, 225 Wis. 2d 615, 625, 593 N.W.2d 822 (Ct. App. 1999).  *See E-Z Roll Off*, 335 Wis. 2d 720, ¶¶23-24 (discussing and adopting *Burke* factors).  In *Town of Burke*, this court announced a three-factor test for analyzing whether a particular statutory claim is exempt from the notice of claim statute:

> (1) whether there is a specific statutory scheme for which the plaintiff seeks exemption; (2) whether enforcement of § 893.80(1), STATS.,[6] would hinder a legislative preference for a prompt resolution of the type of claim under consideration; and (3) whether the purposes for which § 893.80(1) was enacted would be furthered by requiring that a notice of claim be filed.

*Town of Burke*, 225 Wis. 2d at 625 (footnotes omitted; footnote 6 added).  Elandt did not address the first two *Burke* factors in the circuit court, nor does he do so

---

[6] In 1999 when *Town of Burke v. City of Madison*, 225 Wis. 2d 615, 593 N.W.2d 822 (Ct. App. 1999), was issued, the notice of claim statute was found at WIS. STAT. § 893.80(1).  It was subsequently renumbered to § 893.80(1d).  *See* 2011 Wis. Act 162, § 1g.

on appeal. The Town asserts that, as a result of Elandt's failure to address the first two factors, Elandt's exemption argument should be rejected as inadequately developed. We need not decide whether Elandt's failure to address these factors is fatal because we agree with the Town that Elandt fails to make any persuasive argument with respect to the third *Burke* factor, namely, whether the purpose of the notice of claim statute would be furthered by requiring that a notice of claim be filed.

¶18    Case law establishes that the notice of claim statute serves two purposes:  the notice of injury provision allows governmental entities to investigate and evaluate potential claims, while the notice of claim provision affords governmental entities the opportunity to compromise and budget for potential settlement litigation. *Yacht Club*, 385 Wis. 2d 158, ¶¶19-20; *E-Z Roll Off*, 335 Wis. 2d 720, ¶34.

¶19    In the circuit court and in this court, Elandt's only argument with respect to whether the investigation and evaluation purposes of the notice of injury provision would be advanced by applying it here is entirely conclusory:  "The filing [of] a claim without first fulfilling the notice requirements under § 893.80 does not prevent the Town from evaluating the claims or offering settlement." However, as the Town points out, if this were the rule, the notice requirements would be meaningless because such an argument could be made in every case. Moreover, we reject Elandt's position regarding application of the third *Burke* factor here on the ground that it is inadequately developed, including that it is unsupported by any authority. *See Associates Fin. Servs.*, 258 Wis. 2d 915, ¶4 n.3 (court may decline to consider conclusory and undeveloped arguments that are inadequately briefed); *Young v. Young*, 124 Wis. 2d 306, 312, 369 N.W.2d 178

10

(Ct. App. 1985) (we "refuse to consider an argument without legal authority specifically supporting the relevant propositions").

¶20    Because Elandt fails to establish that any of the *Burke* factors weigh in his favor, the circuit court properly rejected Elandt's contention that his action is exempt from the notice of claim statute under *Burke*.

### III.  The Discovery Rule

¶21    Elandt's final argument is that the "discovery rule" applies to WIS. STAT. § 893.80(1d).  Under the discovery rule, a tort claim accrues "on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first."  *Hansen v. A.H. Robins Co.*, 113 Wis. 2d 550, 560, 335 N.W.2d 578 (1983).  If a plaintiff fails to exercise reasonable diligence in discovering the alleged injury, then the discovery rule does not apply.  *Awve v. Physicians Ins. Co. of Wis.*, 181 Wis. 2d 815, 819-20, 512 N.W.2d 216 (Ct. App. 1994).  When the material facts are undisputed, whether a plaintiff can satisfy the reasonable diligence standard is a question of law that we review de novo.  *Doe v. Archdiocese of Milwaukee*, 2007 WI 95, ¶13, 303 Wis. 2d 34, 734 N.W.2d 827.

¶22    According to Elandt, he became aware of his claims, at the earliest, on May 11, 2017, tolling the 120-day notice period to that date.[7]  We will assume that by "claims" Elandt means "injuries," as the term injury is used under the discovery rule.  Applying the discovery rule, if Elandt's alleged injuries were discovered on May 11, 2017, then his July 7, 2017 notice would fall within the

---

[7] We observe that Elandt fails to provide a consistent position as to when he first became aware that he might have claims against the Town.  At some points he states that this occurred on May 24, 2017, while at others he states that this occurred, at the earliest, on May 11, 2017.

120-day statutory window. Conversely, if the discovery rule does not apply, then Elandt's claims did not fall within the 120-day window because the notice of claim statute began to run, at the latest, when construction ended on December 8, 2016. *See* WIS. STAT. § 893.80(1d)(a) (notice of injury must be provided within 120 days "of the event giving rise to the claim").

¶23 The Town argues that the discovery rule does not apply to WIS. STAT. § 893.80 because this provision was enacted in 1975, long before Wisconsin adopted the discovery rule in 1983. However, assuming without deciding that the discovery rule may be applied to § 893.80(1d), we conclude that the rule cannot save Elandt's claims because he did not exercise "reasonable diligence" in discovering his alleged injuries. *See Hansen*, 113 Wis. 2d at 560.

¶24 To invoke the discovery rule, the plaintiff must have exercised "reasonable diligence" in discovering the alleged injury. *Id.* at 556-60. The test for "reasonable diligence" is an objective one that turns on "whether a reasonable person under the same or similar circumstances as the plaintiff should have discovered his injury and its cause." *Carlson v. Pepin Cty.*, 167 Wis. 2d 345, 353, 481 N.W.2d 498 (Ct. App. 1992). Particularly relevant to this case, our supreme court has stated:

> Plaintiffs have a duty to inquire into the injury that results from tortious activity. The measure of diligence required of a plaintiff to discover the elements of his or her cause of action is such diligence as the great majority of persons would use in the same or similar circumstances. Plaintiffs may not ignore means of information reasonably available to them, but must in good faith apply their attention to those particulars which may be inferred to be within their reach.

*Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 340, 565 N.W.2d 94 (1997) (citations omitted); *see also Spitler v. Dean*, 148 Wis. 2d 630, 638, 436 N.W.2d

308 (1989) ("Plaintiffs may not close their eyes to means of information reasonably accessible to them ....").

¶25 Under these standards, the undisputed facts show that Elandt failed to conduct a reasonably diligent inquiry into his alleged injuries. According to his own affidavit, Elandt was aware of the construction as it was ongoing and was concerned that the road was encroaching on his land. Yet the only inquiries he made prior to the completion of construction were to ask Town and County employees about the project, whereupon, according to Elandt, he was informed that the road "was being constructed properly in accordance with state law and that they owned the property." However, Elandt was not required to rely on the representations of unnamed government employees. It is undisputed that he had other readily available avenues of inquiry, taking any or all of the following steps: consulting his own deed, hiring his own surveyor, or contacting the county surveyor. But at the time of construction, Elandt did none of those things. Instead, he waited more than five months before seeking out those sources of information, which had been available to him since construction began.

¶26 Because the undisputed facts establish that Elandt failed to conduct a reasonably diligent inquiry into his alleged injuries, the circuit court properly rejected his arguments based on the discovery rule.

## CONCLUSION

¶27 For the reasons stated, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

13