LITTLE SISSABAGAMA LAKE SHORE OWNERS ASSOCIATION, INC., Petitioner-Appellant,

v.

TOWN OF EDGEWATER and Sawyer County, Respondents-Respondents.

Court of Appeals

*No. 96–1800. Submitted on briefs December 23, 1996.—Decided January 14, 1997.*

(Also reported in 559 N.W.2d 914.)

For the petitioner-appellant the cause was submitted on the briefs of *Peter E. Grosskopf* of *Grosskopf & Black*, Eau Claire.

For the respondents the cause was submitted on the brief of *William G. Thiel* of *Weld, Riley, Prenn & Ricci, S.C.*, Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Little Sissabagama Lake Shore Owners Association, Inc., appeals a judgment dismissing the association's writ of certiorari requesting review of the County's denial of tax exempt status for land owned by the association. The trial court dismissed the association's writ of certiorari based on the failure to file a notice of claim and claim (notice of claim) with the County prior to filing the writ. The association contends that the trial court erred by holding the association was required to give notice to the County before filing this action. Because we conclude that a notice of claim is not required when appealing a county board's determination under § 70.11(20), STATS., we reverse.

The facts of this case are straightforward. The association is a tax exempt nonprofit corporation under I.R.C. § 501(c)(3) (1988). The association completed a property tax exemption request, which the Sawyer county assessor's office granted. The Sawyer County Board, however, held a meeting in June reviewing the assessor's decision and denied tax exempt status for the association's property. In August, the association sent a request for reconsideration to the County but received no response. The association appealed following the writ of certiorari procedure under § 70.47(13), STATS. This writ was filed within ninety days after the notice of the denial of tax exempt status.

Sawyer County, joined by the Town of Edgewater, moved to dismiss the action because the association had failed to first give notice of claim as required under § 893.80(1), STATS. The trial court, concluding § 893.80(1) applied and a notice of claim was required, dismissed the action. This appeal followed.

■ This appeal requires us to interpret the interaction between §§ 70.11(20) and 893.80, STATS. The construction of a statute presents a question of law we review de novo. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). The goal of statutory construction is to determine the legislature's intent. *Id.* The first recourse to determine legislative intent is the language of the statute itself. *Id.* at 226, 496 N.W.2d at 179. Only if the language of a statute is ambiguous may one resort to legislative history and other extraneous matters in attempting to determine legislative intent. *Id.* at 226, 496 N.W.2d at 179. Because the county board was acting under § 70.11(20), it is appropriate to begin our analysis there.

Section 70.11(20), STATS., provides tax exempt status for property under the following conditions:

PROPERTY HELD IN TRUST IN PUBLIC INTEREST. Property that is owned by, or held in trust for, a nonprofit organization, if all of the following requirements are fulfilled:

(a) The property is used to preserve native wild plant or native wild animal life, Indian mounds or other works of ancient persons or geological or geographical formations of scientific interest.

(b) The property is open to the public subject to reasonable restrictions.

(c) No pecuniary profit accrues to any owner or member of the organization or to any associate of any such owner or member from the use or holding of the property.

(d) The county board of the county where the property is located has not determined that the

> property is not owned by, or held in trust for, a
> nonprofit organization and has not determined that
> at least one of the requirements under pars. (a) to
> (c) has not been fulfilled.

The county board was acting pursuant to its authority under subsec. (d) when it denied the requested tax exempt status.

The County argues that *DNR v. City of Waukesha*, 184 Wis. 2d 178, 515 N.W.2d 888 (1994), requires a notice of claim. We disagree. Although *Waukesha* extended § 893.80, STATS., to all actions, including those in equity and not just to those actions seeking money damages, we conclude that a notice of claim is no more required when appealing a county board's determination under § 70.11(20), STATS., than it would be for an inmate filing a habeas corpus action. We reach this conclusion for a variety of reasons.

█

Initially, there is no purpose in requiring a § 893.80, STATS., notice of claim when review of a county board's determination under § 70.11(20), STATS., is sought. The purpose of requiring notice is to make the municipality aware of the claim and afford it " 'an opportunity to compromise and settle [the] claim without litigation.' " *Waukesha*, 184 Wis. 2d at 195, 515 N.W.2d at 894 (citation omitted). In each case, the County will be aware of the dispute. The County does not need to be put on notice of a claim it has already heard and denied.

█

Moreover, a notice of claim is not required because this is a review of a tax determination. Appeals from property tax determinations do not require a notice of claim. Section 70.47, STATS. Section 70.11 enumerates which property is tax exempt. The assessor in

compiling the tax rolls must necessarily incorporate the exemptions listed in § 70.11. These decisions are appealable without a notice of claim. *Id.* The legislature vested in the county board, without specifying a separate appeal procedure, its function under § 70.11(20). The county board, however, is not involved in any other determinations under § 70.11. In view of the fact that all other determinations under 70.11 are reviewable without a notice of claim, consistency and logic demand that county board determinations under subsec. (20) do not require a notice of claim.

■

Last, requiring a notice of claim to review county board § 70.11(20), STATS., determinations would conflict with our policy of resolving property tax disputes promptly.[1] Applying § 893.80, STATS., to these claims could make an aggrieved taxpayer wait as long as 240 days[2] after a claim has been denied before filing an action for review of this determination. Because the purpose of 893.80 is satisfied and its application to these determinations would conflict with another policy, we conclude that a notice of claim is not required when reviewing county board § 70.11(20) determinations.

---

[1] Section 70.47(13), STATS., provides in part: "Except as provided in s. 70.85, appeal from the determination of the board of review shall be . . . commenced within 90 days after the taxpayer receives the notice under sub. (12). The action shall be given preference."

[2] Section 893.80, STATS., provides 120 days in which to provide notice and 120 days for the county to respond before a suit can be filed.

■

Even if we were to conclude that § 893.80, STATS., applies, we would conclude that it has been complied with in this case and will be in each case arising under § 70.11(20), STATS. A notice of claim under § 893.80 does not need to be given if the County had actual notice of the incident giving rise to the action and the requirements of § 893.80(1)(b) are satisfied. *Waukesha,* 184 Wis. 2d at 197, 515 N.W.2d at 895; § 893.80(1)(a), STATS. Here, the county board had actual notice. The board was the instigator in reviewing the assessor's decision and had received a request for reconsideration of its determination regarding the tax exempt status of the association's land.

■

Under *Waukesha,* in addition to actual notice, the requirements of § 893.80(1)(b), STATS., need to be met. These requirements are that the County must have notice of (1) the claimant's address, (2) the itemized relief sought, (3) this notice must be submitted to the clerk, and (4) the claim must be disallowed. Section 893.80(1)(b), STATS. Strict compliance with these requirements is not necessary, rather substantial compliance is sufficient. *Waukesha,* 184 Wis. 2d at 197-98, 515 N.W.2d at 895. The identity of the association and its location were well known to the county board. The relief sought is clear and not only does the clerk have notice of the claim but indeed the entire county board will have notice. The denial of the claim is apparent from the county board's vote. Further, the request for reconsideration constituted substantial compliance with the requirements of § 893.80(1)(b). Therefore, because the County had actual notice and the requirements of § 893.80(1)(b) are satisfied in this case, we conclude that no notice of claim was necessary.

Not only were the § 893.80(1)(b), STATS., elements satisfied and actual notice present in this case, but they will be in every case. The County will have actual notice whenever it is acting under § 70.11(20), STATS., because it is specifically addressing the issue of whether this taxpayer's property will be tax exempt.

██

Compliance with the elements of § 893.80(1)(b), STATS., is also automatic when the county board acts under § 70.11(20), STATS. The County will necessarily be aware of the location of the property in question and its owner. The relief sought is apparent and known in every case; the taxpayer is requesting tax exempt status for a certain parcel of property. The entire county board will be aware of the claim because county board action is necessary under § 70.11(20)(d). Last, the denial of the claim will be apparent to the taxpayer from the county board's vote. Compliance with the elements of § 893.80(1)(b) and the presence of actual notice is inescapable under § 70.11(20). Therefore, we conclude that no notice of claim need ever be given of a claim arising from a § 70.11(20) determination of the county board and reverse.

*By the Court.*—Judgment reversed and cause remanded.