TOWN OF BURKE, Plaintiff-Respondent,

v.

CITY OF MADISON, City of Madison Common Council and City of Madison Plan Commission, Defendants-Appellants,

CITY VIEW LIMITED PARTNERSHIP, Defendant. [Case No. 98–0108]

TOWN OF BURKE, Plaintiff-Appellant,

v.

CITY OF MADISON, City of Madison Common Council, and City of Madison Plan Commission, Defendants-Respondents. [Case No. 98–1362]

Court of Appeals

*Nos. 98–0108, 98–1362. Oral argument November 16, 1998.—Decided March 11, 1999.*

(Also reported in 593 N.W.2d 822.)

On behalf of the defendants-petitioners, City of Madison, City of Madison Common Council and City of Madison Plan Commission, the cause was submitted on the briefs of *Eunice Gibson*, city attorney, and *James L. Martin*, assistant city attorney, of Madison.

On behalf of the plaintiff-appellant, Town of Burke, the cause was submitted on the briefs of *Bruce K. Kaufmann* of *Kaufmann Law Office* of Madison.

On behalf of the plaintiff-respondent, Town of Burke, the cause was submitted on the brief of *Bruce K. Kaufmann* of *Kaufmann Law Office* of Madison.

On behalf of the defendants-respondents, City of Madison, City of Madison Common Council and City of Madison Plan Commission, the cause was submitted on the brief of *Eunice Gibson*, city attorney, and *James L. Martin*, assistant city attorney, of Madison.

Before Vergeront, Roggensack and Deininger, JJ.

ROGGENSACK, J.  In this consolidated appeal, we address the contention that a notice of claim is not required when a town files a lawsuit pursuant to § 66.021, STATS., objecting to a city's annexation of a town's land. Because the Town of Burke brought its claims pursuant to a specific statutory scheme devised by the legislature to effect and to resolve objections to annexations in a timely fashion and because the policies which underlie § 893.80(1), STATS., would not be furthered by requiring that a notice of claim be filed

617

prior to the Town's commencing suit, we affirm the decision of Dane County Circuit Court, Branch 11 and we reverse the decision of Dane County Circuit Court, Branch 12.

## BACKGROUND

### City View Annexation.

On April 24, 1996, the owner and electors of the City View property, which is located in the Town of Burke, filed a petition for direct annexation. On June 4, 1996, the City of Madison effected the City View Annexation by passing ordinance number 11,619. On August 30, 1996, the Town commenced an action against the City, in Dane County Circuit Court, Branch 11, to have the enacting ordinance declared void. On September 25, 1996, the City filed an answer, affirmative defenses and a motion to dismiss, alleging that the Town had not complied with § 893.80, STATS. On December 29, 1997, the circuit court, the Honorable Daniel R. Moeser presiding, denied the City's motion to dismiss, after concluding that a notice of claim was not required. The City petitioned for leave to appeal, which we granted.

### Clement Annexation.

On April 29, 1996, the owners and electors of the Clement property, which is also located in the Town of Burke, filed a petition for direct annexation. On July 16, 1996, the City enacted annexation ordinance 11,640, thereby effecting the Clement Annexation. On September 13, 1996, the Town filed an action for declaratory judgment in Dane County Circuit Court, Branch 12, seeking to invalidate the annexation. The

City filed a timely response and then moved to dismiss because a notice of claim had not been filed with the City, pursuant to § 893.80, STATS. On April 15, 1998, the Honorable Mark A. Frankel granted the City's motion to dismiss. The Town appealed. We ordered the consolidation of the appeals of the City View and the Clement annexations.

## DISCUSSION

**Standard of Review.**

■■■■■ This case presents a question of statutory interpretation which we review *de novo*. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997). The goal of statutory interpretation is to ascertain the intent of the legislature. *City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 621, 575 N.W.2d 712, 714 (1998). Any effort at statutory construction must begin with the plain language of the statute itself. *Id.* If the statute is unambiguous on its face, generally we do not look further. *Id.* However, a statute whose meaning appears clear on its face, may be made ambiguous by its interaction with another statute or statutes. *State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346, 348 (1980) (further citations omitted). The interpretation of the interaction between two statutes also presents a question of statutory interpretation, which we review *de novo*. *See Little Sissabagama Lake Shore Owners Ass'n, Inc. v. Town of Edgewater*, 208 Wis. 2d 259, 264, 559 N.W.2d 914, 915 (Ct. App. 1997).

### Statutory Interpretation.

Annexations by a municipality are controlled by the statutory scheme set out by the legislature in § 66.021, STATS. These specific annexation provisions progress from detailed directions in regard to methods of annexation, § 66.021(2); to the procedure to follow in challenging the validity of an annexation, § 66.021(10); to the effective date of an annexation, when the appropriate procedures have been followed, § 66.021(16). It was pursuant to § 66.021(10) that the Town contends it filed the actions which resulted in these appeals. That section states:

> **(10)** ACTION. (a) An action on any grounds whatsoever, whether denominated procedural or jurisdictional, to contest the validity of an annexation shall be commenced within the time after adoption of the annexation ordinance provided by s. 893.73(2).[1]
>
> (b) An action contesting an annexation shall be given preference in the circuit court.

It is the combination of §§ 66.021(10) and 893.73(2), STATS., which the Town asserts required it to file actions in circuit court within ninety days of the City's enactment of the annexation ordinances and also excused it from complying with the formal requirements of § 893.80(1), STATS. The Town contends that the application of § 62.25(1), STATS.,[2] to its challenges

---

[1] Section 893.73, STATS., Actions Contesting Governmental Decisions, states in subpara. (2):

> (2)   The following actions are barred unless brought within 90 days after the adoption of the . . . annexation ordinance. . . .
> (b)   An action to contest the validity of an annexation, if s. 66.021(10)(a) applies to the action.

[2] Section 62.25(1), STATS., provides:

to the annexation ordinances would serve no useful purpose and would frustrate the procedure established by the legislature to resolve contests to annexation in a timely and efficient manner. Additionally, the Town asserts that if a notice of claim were required, it substantially complied with the statute and the City has not been prejudiced by the lack of formal compliance.

The City counters the Town's arguments by asserting that §§ 62.25(1) and 893.80(1), STATS., have been interpreted as requiring a notice of claim prior to commencing any type of action, and that the Town has not complied in form or substance with those statutes. Section 893.80(1) states in relevant part:

(1)   Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof . . . unless:

(a)   Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . political corporation, governmental subdivision or agency. . . . Failure to give the requisite notice shall not bar action on the claim if the . . . corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant . . .; and

(b)   A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . and the claim is disallowed.

<hr>

(1) CLAIMS. No action may be brought or maintained against a city upon a claim or cause of action unless the claimant complies with s. 893.80. . . .

621

Although no appellate court has addressed the statutory scheme for annexation contained in § 66.021, STATS., in light of a contention that an action contesting an annexation requires a prior notice of claim to a city, several Wisconsin appellate decisions have addressed the notice of claim statute in light of other specific statutory schemes. For example, in *Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 547 N.W.2d 587 (1996), the supreme court examined the contention that a notice of claim was a condition precedent to filing an action based on an alleged open records or open meetings law violation, pursuant to §§ 19.37 and 19.97, STATS. In considering the interplay among §§ 19.37, 19.97 and 893.80(1), STATS., the court was persuaded by Auchinleck's position because the provisions in ch. 19 had established a comprehensive statutory scheme which detailed the public's right to obtain information about the affairs of government and provided for enforcement of that right. *Auchinleck*, 200 Wis. 2d at 592, 547 N.W.2d at 590. The supreme court also noted that when there is an allegation of a violation of an open records or an open meetings law, the municipality is in total control of the facts which underlie the complaint; and therefore, the policies upon which § 893.80(1) is based would not be furthered by requiring Auchinleck to file a notice of claim, prior to bringing suit. As the court explained:

> Unlike in a tort claim for damages, a municipality has control over whether a suit will be filed based on its actions. . . . Therefore, allowing a municipality an additional 120 days to contemplate how to respond to an open records or open meetings enforcement action in large part duplicates the process in which it already engaged prior to its initial response.

*Auchinleck*, 200 Wis. 2d at 596, 547 N.W.2d at 591. The court concluded that the specific enforcement provisions of the open records and open meetings laws take precedence over the general notice requirements of § 893.80. *Id.*

In *Gillen v. City of Neenah*, 219 Wis. 2d 807, 580 N.W.2d 628 (1998), the Wisconsin Supreme Court examined a circuit court's dismissal of Gillen's action, which claimed the City of Neenah had violated the public trust doctrine by permitting the deposit of foreign substances in Little Lake Butte des Morts, a navigable body of water. In reasoning to its conclusion, the supreme court noted that the legislation codifying the public trust doctrine, which recognizes that the State holds lake beds in navigable waters in trust for all citizens, established a specific statutory scheme under which a citizen has the right to sue a municipality for an alleged violation of the public trust. *Id.* at 822, 580 N.W.2d at 633; § 30.294, STATS. The court then explained that the specific enforcement procedures provided in § 30.294 are inconsistent with § 893.80(1), STATS., because requiring the filing of a notice of claim would frustrate the statutory scheme, which permits the immediate remedy of injunctive relief. The court reaffirmed that the basic purpose of § 893.80(1) is: "[T]o provide the governmental subdivision an opportunity to compromise and settle a claim without costly and time-consuming litigation." *Gillen*, 219 Wis. 2d at 823, 580 N.W.2d at 633 (quoting *City of Racine*, 216 Wis. 2d at 622, 575 N.W.2d at 714.) Because the City of Neenah already had all the facts of Gillen's claim in its possession and had chosen to go forward with the leases which permitted materials to be deposited in Little Lake Butte des Morts, notwithstanding known objections, the court concluded that requiring a notice of

claim would not further the basic purposes of § 893.80(1). Therefore, as in *Auchinleck*, the supreme court was persuaded by the presence of a specific statutory scheme for the enforcement of the public trust doctrine and the delay which could result from requiring compliance with the more general provisions of § 893.80(1), when the policy underlying § 893.80(1) would not have been furthered by requiring a notice of claim. *Gillen*, 219 Wis. 2d at 823, 580 N.W.2d at 634.

In *Little Sissabagama*, this court considered the interaction between §§ 70.11(20) and 893.80, STATS., to determine whether a challenge to a town board's denial of tax exempt status to a home owners association, required the filing of a notice of claim. We concluded that it did not, reasoning that compliance with § 893.80 would serve no purpose since it was the county board's own determination under § 70.11(20) for which review was sought, *i.e.*, the opportunity to compromise and settle claims without litigation would not be furthered by requiring compliance with the notice of claim statute. *Little Sissabagama*, 208 Wis. 2d at 265, 559 N.W.2d at 915. We also concluded that even if the circuit court had decided correctly that § 893.80 did apply to an action arising under § 70.11(20), a formal notice of claim was not required because the county board had actual notice, as it was the board's overturning the assessor's initial decision to grant tax exempt status that had caused the claim to arise. Therefore, absent a showing of actual prejudice, substantial compliance was all that was required under § 893.80(1)(b) and that had occurred. *Little Sissabagama*, 208 Wis. 2d at 267, 559 N.W.2d at 916.

As we analyze whether a notice of claim is required when filing a statutorily authorized contest to annexation pursuant to § 66.021(10), STATS., in this

consolidated appeal, we are assisted by the thoughtful opinions of both branches of the Dane County Circuit Court. We also note that the appellate decisions which construe the interactions of two statutes, when one of them is a notice of claim statute, have focused on the following factors: (1) whether there is a specific statutory scheme for which the plaintiff seeks exemption;[3] (2) whether enforcement of § 893.80(1), STATS., would hinder a legislative preference for a prompt resolution of the type of claim under consideration;[4] and (3) whether the purposes for which § 893.80(1) was enacted would be furthered by requiring that a notice of claim be filed.[5]

Here, the annexation procedure which the City used is set forth in a specific statutory scheme, with which the City is bound to strictly comply if its efforts at annexation are to be successful. *Town of De Pere v. City of De Pere*, 184 Wis. 2d 278, 282, 516 N.W.2d 1, 2 (Ct. App. 1994). Additionally, the annexation statute requires that an action to contest an annexation *shall* be commenced in a prompt fashion, *i.e.*, within ninety days pursuant to § 66.021(10)(a), STATS., and that the

[3] *Cf. City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 625, 575 N.W.2d 712, 716 (1998) (concluding that the lack of specific statutory provisions for enforcement of the claim the Board brought was an important factor in requiring a notice of claim to the City of Racine prior to filing suit).

[4] *Cf. Gamroth v. Village of Jackson*, 215 Wis. 2d 251, 259, 571 N.W.2d 917, 219 (Ct. App. 1997) (concluding that the general notice provisions of § 893.80(1), STATS., are superseded by the specific ninety-day limit of § 66.60(12)(a), STATS., for commencing an appeal of an assessment in the circuit court).

[5] *Cf. DNR v. City of Waukesha*, 184 Wis. 2d 178, 195, 515 N.W.2d 888, 894 (1994) (concluding that the objectives of § 893.80(1), STATS., would be frustrated if the State were not required to comply with the notice of claim statute).

circuit court *shall* give preference in scheduling such actions, pursuant to § 66.021(10)(b). When the legislature uses "shall," it is normally understood to be mandatory, unless a different construction is necessary to carry out the legislative intent. *C.A.K. v. State*, 154 Wis. 2d 612, 621–22, 453 N.W.2d 897, 901 (1990). Therefore, we conclude that the legislature's choice of language in § 66.021(10) is a manifestation of its intent to obligate those who contest the validity of an annexation to strictly comply with the statutory directive, just as those who seek to annex property must do.

We also conclude that the time limits chosen by the legislature are a demonstration of its intent to require that contests to annexation be resolved in an expedient manner. This legislative preference for achieving the timely finality of annexations facilitates planning by the municipal governments involved because it settles the rights of the municipalities in the annexed premises. *See Town of Blooming Grove v. City of Madison*, 275 Wis. 328, 332, 81 N.W.2d 713, 715–16 (1957). If the Town were required to file a notice of claim prior to employing the provisions of 66.021(10), STATS., a final resolution of the validity of the annexation could be delayed while the City considers the Town's claim for 120 days. This delay would serve no purpose under § 893.80, STATS., because the City already knows all the facts of the Town's claim, as it was the City's deliberate enactment of the annexation ordinances that resulted in the Town's commencing an action in circuit court. However, requiring a notice of claim to the City would frustrate the legislature's preference for having the validity of annexations determined promptly. Therefore, we conclude that the Town's actions contesting the validity of the annexing ordinances for the City

626

View Annexation and the Clement Annexation are excused from complying with the notice of claim statutes.[6]

## CONCLUSION

Because we conclude that the Town of Burke was excused from complying with the notice of claim statute prior to bringing suit to contest the validity of the City View and Clement annexations, we affirm the order of Dane County Circuit Court, Branch 11; we reverse the order and judgment of Dane County Circuit Court, Branch 12; and we remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded in appeal No. 98–0108; judgment and order reversed and cause remanded in appeal No. 98–1362.

---

[6] Because of our decision in regard to the interplay between the notice of claim statute and § 66.021, STATS., we do not address the question of whether the Town had substantially complied with § 893.80, STATS. *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).