NESBITT FARMS, LLC and Wilshire Developments, LLC, Plaintiffs-Appellants,

v.

CITY OF MADISON, Defendant-Respondent.

Court of Appeals

*No. 02–2212. Submitted on briefs January 10, 2003.—Decided May 8, 2003.*

2003 WI App 122

(Also reported in 665 N.W.2d 379.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Ian A.J. Pitz* and *Nia Enemuoh-Trammel* of *Michael Best & Friedrich, LLP*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Katherine C. Noonan*, assistant city attorney, Madison.

Before Vergeront, P.J., Roggensack and Deininger, JJ.

¶ 1. DEININGER, J. Nesbitt Farms, LLC and Wilshire Development, LLC appeal an order which dismissed their appeal of the amount of compensation the City awarded them for a parcel of real estate the City acquired by condemnation. Nesbitt and Wilshire (collectively, "the owners") claim the circuit court erred in concluding they were required to file a notice of claim under WIS. STAT. § 893.80(1) (2001–02)[1] prior to commencing their appeal of the condemnation award under WIS. STAT. § 32.05(11). We conclude that § 32.05 provides a specific statutory procedure for appealing the amount of a condemnation award, a procedure whose provisions and purposes are inconsistent with the notice of claim statute. Accordingly, we reverse the appealed order and remand for further proceedings in the circuit court on the owners' appeal.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

## BACKGROUND

¶ 2. Details of the interactions between the City and the owners during the condemnation process are largely irrelevant to the issue before us. It is sufficient to note that the City condemned a 17.853-acre parcel belonging to the owners for public use as a storm water detention pond. The City recorded an "Award of Compensation" for the parcel. The owners, within two years, filed in Dane County circuit court a "Notice of Appeal and Appeal" of the amount of compensation awarded.

¶ 3. The City moved to dismiss the appeal on the grounds that the owners had not filed a notice of claim with the City under WIS. STAT. § 893.80(1). Because the parties filed affidavits in support of and in opposition to the City's motion, the circuit court treated the motion as one for summary judgment. The owners did not dispute that they had not filed a notice of claim under § 893.80(1) but claimed such a notice was not necessary given the statutory procedure for appealing a condemnation award set forth in WIS. STAT. § 32.05(11). The court rejected this argument and concluded that the notice of claim statute applied to the owners' action. Accordingly, the court granted the City's motion for dismissal and the owners appeal.

## ANALYSIS

¶ 4. We review the granting of a motion for summary judgment de novo, applying the same methodology and standards as the trial court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). If there are no disputed issues of material fact, summary judgment is proper where the moving party is

entitled to judgment as a matter of law. *See id*. When, as here, an appellant does not argue that a factual dispute bars summary judgment, the " 'practical effect is that the facts are stipulated and only issues of law are before us.' " *See Lucas v. Godfrey*, 161 Wis. 2d 51, 57, 467 N.W.2d 180 (Ct. App. 1991) (citation omitted). Specifically, "[w]hether the notice provisions of [WIS. STAT.] § 893.80(1) apply to actions initiated under" other statutes "involves statutory interpretation[, which is] a question of law that we review independently without deference to the circuit court's resolution of the issue." *State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 592, 547 N.W.2d 587 (1996).

¶ 5. We begin by consulting the statutes at issue in this appeal. WISCONSIN STAT. § 32.05(11) provides in relevant part as follows:

> The owner of any interest in the property condemned named in the basic award may ... within 2 years after the date of taking, appeal to the circuit court of the county wherein the property is located .... The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein and shall have precedence over all other actions not then on trial. The sole issues to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant.

¶ 6. The City does not dispute that the owners timely and properly filed their appeal under the quoted statute. The City asserts, however, that the commence-

ment of the appeal was nonetheless defective because the owners failed to comply with the following statutory requirement:

> [N]o action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof . . . upon a claim or cause of action unless:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . political corporation, governmental subdivision or agency . . .; and
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . corporation, subdivision or agency and the claim is disallowed.

WIS. STAT. § 893.80(1). The City relies, as did the circuit court, on the supreme court's conclusion in *DNR v. City of Waukesha*, 184 Wis. 2d 178, 515 N.W.2d 888 (1994), that the

> language of [WIS. STAT. § 893.80(1)] clearly and unambiguously makes the notice of claim requirements applicable to all actions. The legislature's decision to remove the language limiting the statute to tort claims reinforces this conclusion. Thus, we now hold that *sec. 893.80 applies to all causes of action,* not just those in tort and not just those for money damages.

*Id.* at 191 (emphasis added).[2]

---

[2] The owners assert that the supreme court in *State ex rel. Auchinleck v. Town of LaGrange,* 200 Wis. 2d 585, 547 N.W.2d 587 (1996), withdrew the emphasized language from *DNR v.*

427

¶ 7. Since the decision in *DNR v. City of Waukesha*, however, the supreme court and this court have identified a number of statutes which provide specific procedures for bringing actions in which municipal entities are defendants or respondents, but to which the notice of claim requirement of WIS. STAT. § 893.80(1) does *not* apply. *See Gillen v. City of Neenah*, 219 Wis. 2d 806, 822–23, 580 N.W.2d 628 (1998) (actions under WIS. STAT. § 30.294 to enjoin violations of the public trust doctrine); *Auchinleck*, 200 Wis. 2d at 597 ("actions brought under the open records and open meetings claims laws"); *Town of Burke v. City of Madison*, 225 Wis. 2d 615, 617, 593 N.W.2d 822 (Ct. App. 1999) (actions under WIS. STAT. § 66.021 "objecting to a city's annexation of a town's land"); *Gamroth v. Village of Jackson*, 215 Wis. 2d 251, 259, 571 N.W.2d 917 (Ct. App. 1997) (actions under WIS. STAT. § 66.60(12)(a) to appeal special assessments); *Little Sissabagama Lake v. Town of Edgewater*, 208 Wis. 2d 259, 265, 559 N.W.2d 914 (Ct. App. 1997) (actions to appeal a county board's determi-

---

*City of Waukesha* because it was "too broad." The court said this in *Auchinleck*: "That particular language, to the extent it is interpreted as applying to open records and open meetings actions, is too broad and is withdrawn." *Auchinleck*, 200 Wis. 2d at 597. This qualified withdrawal, however, may be read to apply only to the exception the court recognized in *Auchinleck* for "open records and open meetings actions." *See City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 622–23 n.3, 575 N.W.2d 712 (1998) (discussing the quoted sentence from *Auchinleck* and explaining that the "holding of *Auchinleck* narrowly applies to the statutes at issue in that case"). We continue to read *DNR v. City of Waukesha* as stating a general rule that the WIS. STAT. § 893.80(1) notice requirement applies to all actions against a municipality except for certain statutory actions excepted from the rule. (See footnote 3, below.)

nation under WIS. STAT. § 70.11(20)(d) regarding the requirements for tax-exempt status).

■

¶ 8. Thus, the question before us is whether an appeal to the circuit court of a condemnation award under WIS. STAT. § 32.05(11) is subject to the rule set forth in *DNR v. City of Waukesha* requiring a notice of claim under WIS. STAT. § 893.80(1) for "all actions," or whether actions under § 32.05(11) will become the latest in a lengthening list of exceptions to that rule.[3] We conclude it is an exception to the rule.

¶ 9. We identified three factors in *Town of Burke v. City of Madison* which shed light on the question of whether WIS. STAT. § 893.80(1) applies to a given action against a municipality:

(1) whether there is a specific statutory scheme for which the plaintiff seeks exemption; (2) whether enforcement of § 893.80(1), STATS., would hinder a legislative preference for a prompt resolution of the type of claim under consideration; and (3) whether the purposes for which § 893.80(1) was enacted would be furthered by requiring that a notice of claim be filed.

---

[3] *See, e.g., Gillen v. City of Neenah*, 219 Wis. 2d 806, 843, 580 N.W.2d 628 (1998) (Abrahamson, C.J., concurring) ("In short, 'all actions' means all actions except when the court says otherwise."); *Gamroth v. Village of Jackson*, 215 Wis. 2d 251, 258, 263, 571 N.W.2d 917 (Ct. App. 1997) ("It is apparent that the supreme court has adopted a case-by-case approach to resolving whether a statute with specific enforcement methods and time limits will trump § 893.80, STATS."; "We are sure that the court of appeals and supreme court will recognize many more such exceptions to *DNR*.").

*Town of Burke,* 225 Wis. 2d at 625 (footnotes omitted). We therefore consider how the appeal procedure under WIS. STAT. § 32.05(11) fares under these factors.

¶ 10. The first factor plainly weighs in favor of an exception to the notice of claim requirement: WIS. STAT. § 32.05(11) provides a "specific statutory scheme" for landowners to seek court review of condemnation awards. The statute details the procedure and deadline for commencing such actions, as well as specifying other matters, such as how other interested parties may join the appeal and what issues may be tried. The supreme court, moreover, has described WIS. STAT. ch. 32 as providing "the 'complete and exclusive' procedures" for appealing condemnation awards. *DOT v. Peterson,* 226 Wis. 2d 623, 627, 594 N.W.2d 765 (1999) (citation omitted). The City does not dispute that the present action is a specialized and limited action of statutory origin. Rather, it asserts that the remaining factors weigh in favor of requiring landowners to file notices of claim before proceeding under § 32.05(11). We disagree.

¶ 11. The second factor we identified in *Town of Burke v. City of Madison* is whether applying the notice of claim requirement to action under WIS. STAT. § 32.05(11) "would hinder a legislative preference for a prompt resolution" of condemnation award appeals. *Town of Burke,* 225 Wis. 2d at 625. In this regard, we note that § 32.05(11) requires that condemnation appeals "shall have precedence over all other actions not then on trial" in the circuit court, which seemingly evinces a legislative preference for promptly resolving disputes over the adequacy of condemnation awards.

¶ 12. We agree with the City, however, that unlike statutory actions having ninety-day filing deadlines, to which we have concluded the requirements of WIS. STAT.

§ 893.80(1) do not apply,[4] the two-year period for commencing a WIS. STAT. § 32.05(11) appeal can easily be met by a landowner who has also complied with the requirements of § 893.80(1). Compliance with § 893.80(1) may consume up to eight months[5] but permits a timely condemnation appeal to be taken in the circuit court. Even if a municipality forces a shortening of the limitation period by serving a notice of disallowance of the claim, *see* § 893.80(1g), the fact that a condemnation appeal might have to be commenced sooner than the two years permitted under § 32.05(11) cannot be said to "hinder a legislative preference for a prompt resolution" of the condemnation claim.

¶ 13. We conclude, however, that hindering a legislative preference for "promptness" is not the only way in which the requirements of WIS. STAT. § 893.80(1) might interfere with legislative purposes. The second *Town of Burke* factor may properly be read to require a court to inquire into the legislative intent underlying a particular statutory procedure. The inquiry is to determine whether some legislative goal, be it prompt resolution or another purpose, will be thwarted by requiring compliance with § 893.80(1) as a precondition to commencing an action under the statute.

¶ 14. The owners point out several conflicts between the procedures of WIS. STAT. § 32.05(11) and those of WIS. STAT. § 893.80(1). They note first that

---

[4] *See Town of Burke v. City of Madison,* 225 Wis. 2d 615, 625–26, 593 N.W.2d 822 (Ct. App. 1999); *Gamroth,* 215 Wis. 2d at 262.

[5] *See Little Sissabagama Lake v. Town of Edgewater,* 208 Wis. 2d 259, 266, 559 N.W.2d 914 (Ct. App. 1997) (noting that compliance with WIS. STAT. § 893.80 can create a delay of "as long as 240 days" before an action may be filed) (footnote omitted).

other interested parties must join an appeal of a condemnation award within ten days of receiving notice of the original appellant's appeal or lose their ability to appeal their awards.[6] If another potential appellant has not already filed a notice of claim under § 893.80(1), or has done so but the municipality has not actually or constructively disallowed it, that party may not be able to join the appeal within the ten-day period allowed. Such a party would thus be precluded from appealing the amount of compensation awarded for its interest in the condemned parcel. (See footnote 6.)

¶ 15. The owners' premise is that if a notice of claim were required of the original appellant, one would also be required of each additional appellant who joins the action under WIS. STAT. § 32.05(11). *See City of Racine v. Waste Facility Siting Bd.*, 216 Wis. 2d 616, 620, 575 N.W.2d 712 (1998) (concluding that "compliance with [WIS. STAT.] § 893.80(1)(b) is a necessary prerequisite to all actions brought against the entities listed in the statute . . . whether brought as an initial claim, counterclaim or cross-claim"). The City asserts that the *City of Racine* holding regarding counter- and cross-claims has no bearing on whether additional parties may intervene in a condemnation appeal. In the

---

[6] The relevant portion of WIS. STAT. § 32.05(11) reads as follows:

Where one party in interest has appealed from the award, no other party in interest who has been served with notice of such appeal may take a separate appeal but may join in the appeal by serving notice upon the condemnor and the appellant of that party's election to do so. Such notice shall be given by certified mail or personal service within 10 days after receipt of notice of the appeal and shall be filed with the clerk of court. Upon failure to give such notice such parties shall be deemed not to have appealed. The appeal shall not affect parties who have not joined in the appeal as herein provided.

City's view, although the original appellant must comply with § 893.80(1), additional appellants in the same action need not do so, thus avoiding the statutory conflict the owners' believe exists. Again, we disagree.

¶ 16. The only reason for additional parties who receive a part of a condemnation award to join an appeal under Wis. Stat. § 32.05(11) is to allow them to seek additional compensation for their own interests in the condemned parcel. Thus, any additional appellants will necessarily lodge claims against the municipality that are distinct from and in addition to the claim of the original appellant. If, as the City maintains, the original appellant must comply with Wis. Stat. § 893.80(1) in order to protect the municipality's interests, additional parties making additional claims should also have to comply with the notice of claim statute under the rationale of *City of Racine.*

¶ 17. The language of Wis. Stat. § 32.05(11), quoted in footnote 6, plainly communicates the legislature's intent that (1) there be only one appeal for each condemned parcel, and (2) all parties having an interest in the parcel (and the attendant condemnation award) be both permitted and required to join the single appeal. By so providing, the legislature has sought to achieve both efficiency and consistency in resolving compensation disputes between a condemnor and multiple parties having an interest in the same parcel. As we have discussed, it would often be impossible for those holding an interest in a condemned parcel to comply with Wis. Stat. § 893.80(1) in time to join an appeal under § 32.05(11) within the ten days allowed for doing so. We conclude that applying § 893.80(11) to condemnation appeals would thus "hinder a legislative

preference" for efficiency and consistency in resolving compensation disputes. *See Town of Burke,* 225 Wis. 2d at 625.[7]

¶ 18. The owners also point to other alleged inconsistencies between the two statutes. For example, the owners assert a conflict between the interest and cost-shifting provisions of Wis. Stat. § 893.80(2) and those under Wis. Stat. § 32.05(11)(a) and (b), and § 32.28, which apply to appeals of condemnation awards. We agree that the provisions are inconsistent in that, if a municipality were to tender a partial payment of a claim under § 893.80(2), and the appellant under § 32.05(11) recovered an amount which exceeded the original condemnation award but not the additional payment, liability for interest, costs and the appellant's "litigation expenses" would be uncertain.

¶ 19. We are not convinced, however, that a judicial resolution of these two, arguably conflicting provisions would not be possible, just as similar conflicts between other statutory remedial provisions have been resolved. *See, e.g., Upthegrove Hardware, Inc. v. Pennsylvania Lumbermans Ins. Co.,* 152 Wis. 2d 7, 13–14, 447 N.W.2d 367 (Ct. App. 1989) (concluding that inter-

[7] The City also argues that the owners' reliance on a conflict between the requirements of Wis. Stat. § 893.80(1) and the ability of additional parties to join an appeal is irrelevant in this case because no additional parties sought to join the owners' appeal. We disagree. The present analysis is an effort to ascertain legislative intent—did the legislature intend the requirements of § 893.80(1) to apply to appeals of condemnation awards under Wis. Stat. § 32.05(11)? In answering this question, we must look to the entire procedural framework of § 32.05(11) to see if the notice of claim requirement would interfere with the legislature's purposes in enacting the condemnation award appeal procedures.

est assessment under offer-of-settlement statute supplants interest due under statute assessing interest on overdue insurance claims). Rather, we conclude that to the extent that Wis. Stat. § 32.05(11)(a) and (b) and § 32.28 are in conflict with Wis. Stat. § 893.80(2), the conflict does not implicate the statutory procedures for bringing an appeal under § 32.05(11) or the legislative purposes underlying those procedures. We therefore rely on the more compelling conflict with § 893.80(1) presented by the requirements of § 32.05(11) for all interested parties to join in one appeal.[8]

¶ 20. We conclude that both of the first two *Town of Burke* factors support a conclusion that Wis. Stat. § 893.80(1) does not apply to appeals of condemnation awards under Wis. Stat. § 32.05(11) because: (1) the latter statute provides a specific statutory scheme gov-

---

[8] The owners also note that an informational pamphlet prepared by the Wisconsin Department of Commerce does not inform landowners that they must comply with Wis. Stat. § 893.80(1) before commencing an appeal of a condemnation award under Wis. Stat. § 32.05(11). *See* § 32.26(6) (requiring Department of Commerce to prepare pamphlets "in simple language and in readable format describing the eminent domain laws of this state . . . and the rights of property owners and citizens affected by condemnation"). The owners thus claim that compliance with § 893.80(1) would conflict with a legislative directive that landowners be properly and clearly informed of their rights and remedies under Wis. Stat. ch. 32. *See* Wis. Stat. § 32.05(2a) (requiring condemnors to provide landowners with copies of the pamphlets prepared under § 32.26(6)). The failure of the department to inform landowners of a necessity to comply with the notice of claim statute is certainly an indication that the department does not read the statutes to so require. We do not consider the department's apparent interpretation, however, to rise to the level of an "inherent conflict" between the two statutes.

erning condemnation appeals, and (2) the notice of claim requirement under § 893.80(1) is inconsistent with the provisions under § 32.05(11) by which additional interested parties must join an existing appeal. We thus turn to the final factor—"whether the purposes for which § 893.80(1) was enacted would be furthered by requiring that a notice of claim be filed." *Town of Burke*, 225 Wis. 2d at 625.

¶ 21. The City argues that WIS. STAT. § 893.80(1) serves important purposes in the present context, and a conclusion it does not apply would lessen the protection for a municipality's interests the legislature intended. The City points out that the pre-appeal procedures of WIS. STAT. § 32.05 do not guarantee that it will have all of the facts necessary to evaluate a landowner's claim for additional compensation. Thus, according to the City, it is in a more vulnerable position than when defending a decision to deny a parcel tax exempt status or annex land.[9] In the City's view, the filing of a claim which includes "an itemized statement of the relief sought" under § 893.80(1)(b) is therefore essential to enable a municipality to evaluate a specific claim of under-compensation. The City asserts that without notice of the amount sought, it can neither properly assess the likelihood of success in defending the original condemnation award before a judge or jury, nor weigh the potential of incurring not only liability for additional compensation and interest but for the landowner's litigation expenses as well. *See* WIS. STAT. § 32.28.

[9] *See Little Sissabagama Lake*, 208 Wis. 2d at 268; *Town of Burke*, 225 Wis. 2d at 626.

¶ 22. In support of its contention, the City points out that, as a condemnor, it is required to obtain an appraisal of the condemned parcel and to provide a copy of it to landowners. Wis. Stat. § 32.05(2). Although landowners have a statutory right to obtain a separate appraisal and to have the condemnor pay for it, *id.*, the owners in this case did not avail themselves of that right. Accordingly, the owners were under no obligation to divulge the results of any appraisal of the condemned parcel they may have obtained before filing their appeal.[10] The City also notes that a prospective condemnor is required to attempt to negotiate a price for the parcel to be acquired, and it must submit a "jurisdictional offer," but a landowner is under no obligation to participate in negotiations or to respond to the jurisdictional offer in any way. *See* § 32.05(2a) and (3).

¶ 23. Thus, according to the City, a landowner's compliance with Wis. Stat. § 893.80(1) is necessary in order to allow the City to "evaluate a claim and its potential financial impact on the City without the added financial burden of litigation." *See City of Waukesha*, 184 Wis. 2d at 198 (The purpose of the notice of claim statute is to provide a municipality the opportunity to compromise and settle claims without costly and time-consuming litigation.). Additionally, the City notes that the notice of claim procedure under § 893.80 would enable it to limit its exposure to payment of interest

---

[10] The City notes that the author of a publication on Wisconsin condemnation practice recommends that landowners who believe negotiations with a condemnor are unlikely to achieve a "satisfactory result" should forego seeking reimbursement for any appraisals they obtain in order to be better positioned for the anticipated litigation. *See* Benjamin Southwick, Eminent Domain Practice in Wisconsin 52 (1988).

and the landowner's litigation expenses by offering payment of some or all of the additional compensation requested. *See* § 893.80(2).

¶ 24. Requiring a landowner whose property has been condemned to comply with Wis. Stat. § 893.80(1)(b) would undoubtedly benefit municipal condemnors by forcing landowners to disclose the specific amount of additional compensation they believe to be due prior to commencing an appeal. If the legislature had intended to require a landowner to commit to a figure in advance of a condemnation appeal, however, it could have required a landowner to proceed as those seeking relocation damages must do. *See* Wis. Stat. § 32.20 (requiring an itemized claim for relocation damages to be filed with the condemnor, and allowing the condemnor ninety days to allow the claim, before a claimant may file suit). We agree with the owners that the absence of a similar requirement in Wis. Stat. § 32.05 is an indication that the legislature did not intend to make pre-appeal disclosure of the sum sought a prerequisite for commencing appeals of condemnation awards. By holding § 893.80(1) applicable to appeals of condemnation awards under § 32.05(11), we would place an obligation on landowners which the legislature has chosen not to place on them under § 32.05.

¶ 25. Although nothing in Wis. Stat. § 32.05 requires a landowner to disclose to a condemnor all (or even any) information it may possess regarding the value of a condemned parcel, a condemning municipality cannot claim to lack any knowledge of information pertinent to a landowner's claim for additional compensation. Appeals under § 32.05(11) do not come upon a municipality "out of the blue." A condemning municipality is certainly aware that, when a landowner does not accept its jurisdictional offer, litigation to obtain

additional compensation is a distinct possibility. Furthermore, the statutory obligations to have the property appraised and to attempt negotiations with the landowner prior to making a jurisdictional offer permit a condemnor to become apprised of a reasonable range of value for the property being acquired. Although appraising real estate is an inexact science, the value of a given parcel is not without limit. If a condemnor has undertaken in good faith its appraisal, negotiation and jurisdictional offer obligations, it will be well aware of the potential for additional compensation an owner might realistically be able to prove. In short, a condemnation appeal under § 32.05(11) is not like a suit to recover damages for injuries sustained in a slip-and-fall on municipal property, of which, absent notice under WIS. STAT. § 893.80(1), a municipality may know absolutely nothing prior to suit.

¶ 26. We therefore agree with the owners that it is not necessary to apply the notice of claim requirement under WIS. STAT. § 893.80(1) to condemnation award appeals in order to accomplish the informational purposes the legislature intended. Applying the requirement to WIS. STAT. § 32.05(11), moreover, would thwart what appear to be equally compelling legislative purposes underlying the provisions of § 32.05.

¶ 27. The statutory scheme under WIS. STAT. § 32.05 for compensating landowners and permitting them to appeal their awards is designed, at least in part, to ensure that a condemnor pays a fair price for property it acquires by condemnation. *See TFJ Nominee Trust v. DOT*, 2001 WI App 116, ¶ 10, 244 Wis. 2d 242, 629 N.W.2d 57, *review denied*, 2001 WI 117, 247 Wis. 2d 1035, 635 N.W.2d 783 (Wis. Sep. 19, 2001) (No. 00–2099) ("Because the power of eminent domain under

439

WIS. STAT. ch. 32 is extraordinary, we strictly construe the condemnor's power under WIS. STAT. § 32.05, while liberally construing provisions favoring the landowner, including available remedies and compensation."). If we were to conclude that the requirements of WIS. STAT. § 893.80(1) must be layered onto the provisions of § 32.05, the incentives for a condemnor to tender fair compensation might well be disrupted. That is, a municipal condemnor might find it expedient to "lowball" jurisdictional offers in the hopes that many landowners will not contest their awards, and the claims of those who do could be compromised and settled after a notice of claim is filed, thereby avoiding the potential adverse consequences of defending an appeal.

¶ 28. Accordingly, we conclude that the purposes underlying WIS. STAT. § 893.80(1) do not require its application to condemnation appeals under WIS. STAT. § 32.05(11). By undertaking the condemnation process, a municipality not only acquires notice of a potential claim against it regarding the value of the property taken, it actually creates the claim by acting in the first instance to acquire the property. Provided a municipality discharges in good faith its obligations as condemnor under § 32.05, it will learn the amount of compensation reasonably due a landowner, and it will have the opportunity to minimize the possibility of litigation through negotiation and the making of a fair jurisdictional offer. Although making the notice of claim statute applicable to § 32.05(11) would provide procedural benefits to a condemning municipality, we cannot conclude the legislature intended it to have them. Rather, to the extent a landowner whose property has been taken for public purposes enjoys some procedural advantages under

§ 32.05 which other litigants seeking redress from a municipal entity do not, we conclude that is what the legislature intended.

## CONCLUSION

¶ 29. For the reasons discussed above, we reverse the appealed order and remand to the circuit court for further proceedings on the owners' appeal under WIS. STAT. § 32.05(11).

*By the Court.*—Order reversed and cause remanded with directions.