Oak Creek Citizen's Action Committee
and Mark Verhalen, A Qualified Elector
of the City of Oak Creek,
Petitioners-Appellants,

v.

City of Oak Creek and Common Council
of the City of Oak Creek,
Respondents-Respondents.†

Court of Appeals

*No. 2006AP2697. Submitted on briefs June 5, 2007.
—Decided July 3, 2007.*

2007 WI App 196

(Also reported in 738 N.W.2d 168.)

† Petition to review denied 9/10/07.

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *Daniel E. Meylink* of Milwaukee.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Lawrence J. Haskin*, city attorney of Oak Creek.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Oak Creek Citizen's Action Committee and Mark Verhalen appeal the circuit-court order dismissing their WIS. STAT. § 783.01 mandamus action seeking to compel the City of Oak Creek to comply with

the direct-legislation statute, Wis. Stat. § 9.20.[1] The circuit court dismissed the action because the Committee and Verhalen admittedly did not file a notice of claim under Wis. Stat. § 893.80(1)(b).

¶ 2. Wisconsin Stat. § 893.80(1)(b) provides, with exceptions not material here, that:

> no action may be brought or maintained against any . . . political corporation . . . upon a claim or cause of action unless . . . [a] claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . corporation . . . and the claim is disallowed.

Under § 893.80(1g), the political corporation has one-hundred and twenty days within which to consider the claim, after the expiration of which the claim is deemed denied if it is not specifically approved.[2] The Committee and Verhalen contend that § 893.80(1)(b) does not apply to Wis. Stat. § 9.20. We agree and reverse.

---

[1] The order was entered on September 18, 2006, and the notice of appeal, which was filed October 30, 2006, references only that order. A judgment dismissing the Committee's and Verhalen's complaint was entered on October 18, 2006. We treat the appeal as being from both the order and from the judgment. See Wis. Stat. Rule 809.10(1)(f) ("An inconsequential error in the content of the notice of appeal is not a jurisdictional defect.").

Oak Creek concedes that mandamus is the proper way for the Committee to seek judicial review of the Committee's claim that the City violated Wis. Stat. § 9.20.

[2] As material here, Wis. Stat. § 893.80(1g) provides:

> Notice of disallowance of the claim submitted under sub. (1) shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. Failure of the appropriate body to disallow a claim within 120 days after presentation of the written notice of the claim is a disallowance.

## I.

¶ 3.   The facts here are not disputed. On January 30, 2006, the Committee filed a petition for direct legislation with Oak Creek's clerk. The clerk found that the petition, designed to limit Oak Creek's ability to spend two-million dollars or more on "any physical construction of any municipally financed (in whole or in part) project" without prior approval by Oak Creek voters, complied with WIS. STAT. § 9.20 and, on February 14, 2006, sent it to the Oak Creek Common Council. The Common Council discussed the direct-legislation petition at its February 20, 2006, meeting, and deferred further consideration until its March 7, 2006, meeting, when the petition was tabled, without any action. The Committee and Verhalen brought this action on April 27, 2006.

## II.

¶ 4.   The only issue on this appeal is whether this action is barred because the Committee did not file a notice of claim under WIS. STAT. § 893.80(1)(b).[3] Resolution of that issue requires that we analyze the interplay between § 893.80(1)(b) and WIS. STAT. § 9.20 to see

---

[3] Oak Creek contended before the circuit court that the Committee's direct-legislation petition also exceeded the permissible scope of WIS. STAT. § 9.20. *See Mount Horeb Cmty. Alert v. Village Bd. of Mt. Horeb*, 2003 WI 100, ¶¶ 4, 15–39, 263 Wis. 2d 544, 549, 555–566, 665 N.W.2d 229, 232, 234–240. The circuit court did not decide that issue, and Oak Creek, other than mentioning it in passing, does not argue that issue on appeal. Accordingly, we do not address it. *See Reiman Assocs., Inc. v. R/A Adver., Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (contentions not briefed are waived).

whether the legislative scheme in § 9.20 is at odds with that in § 893.80(1)(b). Our analysis is *de novo*. *See Nesbitt Farms, LLC v. City of Madison*, 2003 WI App 122, ¶ 4, 265 Wis. 2d 422, 426, 665 N.W.2d 379, 380.

¶ 5.   WISCONSIN STAT. § 9.20 provides, as material here:

> **(3)** Within 15 days after the petition is filed, the clerk shall determine by careful examination whether the petition is sufficient and whether the proposed ordinance or resolution is in proper form. The clerk shall state his or her findings in a signed and dated certificate attached to the petition. . . . When the original or amended petition is found to be sufficient and the original or amended ordinance or resolution is in proper form, the clerk shall so state on the attached certificate and forward it to the common council or village board immediately.
>
> **(4)** The common council or village board shall, without alteration, either pass the ordinance or resolution within 30 days following the date of the clerk's final certificate, or submit it to the electors at the next spring or general election, if the election is more than 6 weeks after the date of the council's or board's action on the petition or the expiration of the 30–day period, whichever first occurs. If there are 6 weeks or less [*sic*—fewer] before the election, the ordinance or resolution shall be voted on at the next election thereafter. The council or board by a three-fourths vote of the members-elect may order a special election for the purpose of voting on the ordinance or resolution at any time prior to the next election, but not more than one special election for direct legislation may be ordered in any 6–month period.

As we have seen, the Oak Creek clerk found the petition to be sufficient, and timely sent it to the Common Council, which, despite the command of § 9.20 that it

"shall, without alteration, either pass the ordinance or resolution within 30 days following the date of the clerk's final certificate, or submit it to the electors," did nothing.

¶ 6. Although seemingly all-encompassing, the command in WIS. STAT. § 893.80(1)(b) that "no action" may be brought unless a claim with the information required by that provision is filed has been modified to exclude those actions where the § 893.80(1)(b) process contravenes some other legislative mandate. Thus, despite the broad statement in *Department of Natural Resources v. City of Waukesha*, 184 Wis. 2d 178, 191, 515 N.W.2d 888, 893 (1994), that "sec. 893.80 applies to all causes of action, not just those in tort and not just those for money damages," as with the federal Sherman Antitrust Act, 15 U.S.C. § 1, where, "every" *does not mean "every," see State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997) ("Although the Sherman Act, by its terms, prohibits every agreement 'in restraint of trade,' this Court has long recognized that Congress intended to outlaw only unreasonable restraints."), the "no action" command in § 893.80(1)(b) does not apply to many actions:

Since the decision in *DNR v. City of Waukesha*, however, the supreme court and this court have identified a number of statutes which provide specific procedures for bringing actions in which municipal entities are defendants or respondents, but to which the notice of claim requirement of WIS. STAT. § 893.80(1) does *not* apply. *See Gillen v. City of Neenah*, 219 Wis. 2d 806, 822–[8]23, 580 N.W.2d 628[, 634] (1998) (actions under WIS. STAT. § 30.294 to enjoin violations of the public trust doctrine); [*State ex rel.*] *Auchinleck* [*v. Town of LaGrange*], 200 Wis. 2d [585,] 597, 547 N.W.2d 587[, 592 (1996)] ("actions brought under the open records and open meetings claims laws"); *Town of Burke v. City of Madison*, 225 Wis. 2d

615, 617[–618], 593 N.W.2d 822[, 823] (Ct. App. 1999) (actions under WIS. STAT. § 66.021 "objecting to a city's annexation of a town's land"); *Gamroth v. Village of Jackson*, 215 Wis. 2d 251, 259, 571 N.W.2d 917[, 919] (Ct. App. 1997) (actions under WIS. STAT. § 66.60(12)(a) to appeal special assessments); *Little Sissabagama Lake v. Town of Edgewater*, 208 Wis. 2d 259, 265, 559 N.W.2d 914[, 915] (Ct. App. 1997) (actions to appeal a county board's determination under WIS. STAT. § 70.11(20)(d) regarding the requirements for tax-exempt status).

*Nesbitt Farms*, 2003 WI App 122, ¶ 7, 265 Wis. 2d at 428–429, 665 N.W.2d at 381–382 (emphasis by *Nesbitt Farms*).

¶ 7. *Nesbitt Farms* restated the test in Wisconsin for when the notice-of-claim requirement in WIS. STAT. § 893.80(1)(b) has to give way:

> (1) whether there is a specific statutory scheme for which the plaintiff seeks exemption; (2) whether enforcement of § 893.80(1), Stats., would hinder a legislative preference for a prompt resolution of the type of claim under consideration; and (3) whether the purposes for which § 893.80(1) was enacted would be furthered by requiring that a notice of claim be filed.

*Nesbitt Farms*, 2003 WI App 122, ¶ 9, 265 Wis. 2d at 429, 665 N.W.2d at 382 (quoted source and footnotes in quoted source omitted). We discuss these factors in turn.

A. *Specific statutory scheme.*

■

¶ 8. WISCONSIN STAT. § 9.20 is a "specific statutory scheme" without which no person could seek to have a municipal ordinance enacted by a vote of the people. *See*

*Mount Horeb Cmty. Alert v. Village Bd. of Mt. Horeb*, 2003 WI 100, ¶ 15, 263 Wis. 2d 544, 555, 665 N.W.2d 229, 234 ("Direct local legislation by initiative 'is a creature of statute and its use must comport with the requirements established by the legislature.' ") (quoted source omitted). Significantly for our analysis, this "specific statutory scheme" has tight time limits for the processing of direct-legislation petitions:

- The clerk has fifteen days to determine whether the direct-legislation petition meets the statutory criteria. Further, if the clerk determines that the petition is flawed, the clerk must set out in his or her certificate "the particulars, stating the insufficiency or improper form." Sec. 9.20(3). Once the flaws have been fixed, the clerk must forward to the "common council" the petition and the attached certificate "immediately." *Ibid.*

- The common council has only thirty days after receipt of the clerk's "final certificate" to, "without alteration, either pass the ordinance . . . or submit it to the electors at the next spring or general election, if the election is more than 6 weeks after the date of the council's . . . action on the petition or the expiration of the 30–day period, whichever first occurs." Sec. 9.20(4).

- "If there are 6 weeks or less [*sic*—fewer] before the election, the ordinance or resolution shall be voted on at the next election thereafter." *Ibid.*

- Further, the common council has the discretion, "by a three-fourths vote of the members," to order a special election at which to consider the ordinance proffered by the direct-legislation petition, subject to the caveat that only one such special election "may be ordered in any 6–month period." *Ibid.*

The first *Nesbitt Farms*-restated criterion is satisfied here.

709

## B. *Legislative preference for a prompt resolution.*

¶ 9.   As seen from section II.A., the legislature did not want proposed direct-legislation to languish—the common council either has to adopt the proposed ordinance or promptly submit it to the voters. Interposing the WIS. STAT. § 893.80(1)(b) notice-of-claim process could add as much as two-hundred and forty days to the WIS. STAT. § 9.20 statutory scheme. *See Little Sissabagama Lake*, 208 Wis. 2d at 266, 559 N.W.2d at 915–916. The legislature has unambiguously told municipalities what they must do and how fast they must act when presented with a direct-legislation petition. We agree with the Committee and Verhalen that § 893.80(1)(b) may not be interposed to extend *those* time limits.[4] The second *Nesbitt Farms*-restated criterion is satisfied here.

---

[4] We reject Oak Creek's attempt to shift focus to when the petition for a writ of mandamus must be filed. As it points out, WIS. STAT. § 9.20 does not even refer to mandamus, or any other avenue of judicial review, and, certainly, Oak Creek, which seeks to interpose the delays inherent in the WIS. STAT. § 893.80(1)(b) notice-of-claim process, has little purchase to argue in support of that contention that the Committee and Verhalen could have sought its mandamus relief at any time, limited only by the laches defense. *See Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist.*, 127 Wis. 2d 25, 31–32, 377 N.W.2d 627, 631 (Ct. App. 1985) ("[M]andamus is generally regarded as not embraced within the statute of limitations applicable to ordinary actions but is subject to the equitable doctrine of laches."). Thus, for example, § 893.80(1)(b) does not apply to those who seek to enforce the public-land-trust doctrine, *see* WIS. STAT. § 30.294, *Gillen v. City of Neenah*, 219 Wis. 2d 806, 817, 822–826, 580 N.W.2d 628, 632, 634–635 (1998), even though, as with § 9.20, § 30.294's grant of enforcement rights to "any person" does not set out the time when such enforcement action must be brought.

## C. *Purpose of WIS. STAT. § 893.80(1)(b).*

¶ 10    "The purpose of the notice of injury is to notify the governmental entity of the potential claim so that it might investigate and evaluate. The purpose of the notice of claim is to afford the governmental entity an opportunity to effect compromise without suit, and to budget for settlement or litigation."

*Griffin v. Milwaukee Transp. Servs., Inc.*, 2001 WI App 125, ¶ 14, 246 Wis. 2d 433, 443, 630 N.W.2d 536, 542 (quoted source omitted). We assess these core concerns in turn.

### i. *Investigation and evaluation.*

¶ 11.    Although it is true that no local legislative body—here, the Oak Creek Common Council—should willy nilly enact an ordinance proposed by a direct-legislation petition without investigation and evaluation of the possible consequences, WIS. STAT. § 9.20 specifically gives the local legislative body thirty days to make those assessments. And, if the thirty days are insufficient for some reason, § 9.20(4) requires that the proposed ordinance be voted on by the electorate, and opponents as well as proponents have time before the election to present their respective positions to the voters. There is nothing in this Record that suggests § 9.20's clock runs too fast for reasoned analysis of the proposed ordinance.

### ii. *Compromise without suit, and budget for potential liability.*

¶ 12.    These reasons apply to actions seeking to impose liability on a municipality; they have no appli-

711

cation here despite Oak Creek's contention, without support in the Record, that it needed the extra time that the Wis. Stat. § 893.80(1)(b) notice-of-claim process would have added to the tight limits in which to negotiate with the Committee and Verhalen in order to try to limit the scope of the proposed ordinance—there is no evidence in the Record that any of this was even attempted between the January 30, 2006, submission, and the Common Council's relegation of the Committee's direct-legislation petition to the dust bin on March 7, 2006, or from that time to when this action was filed on April 27, 2006. Section 893.80(1)(b)'s notice-of-claim process does not trump what the legislature has set as § 9.20's window for formal negotiation, if there is to be any. The third *Nesbitt Farms*-restated criterion is satisfied here.

## III.

¶ 13.   Although Oak Creek would like to have an easy way to avoid what Wis. Stat. § 9.20 requires, it may not interpose the Committee's failure to file a notice-of-claim under Wis. Stat. § 893.80(1)(b) as a bar. Accordingly, we reverse.

*By the Court.*—Order and judgment reversed.